**STATE of Missouri, Respondent,**

v.

**Henry HORTON, Appellant.**

**No. ED 93475.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 21, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 2, 2010.

Application for Transfer Denied
Dec. 21, 2010.

---

Kent Denzel, Columbia, MO, for appellant.

Chris Koster, Jamie Pamela Rasmussen, Jefferson City, MO, for respondent.

## OPINION

CLIFFORD H. AHRENS, Judge.

Defendant Henry Horton appeals from the judgment of the trial court entered after a jury convicted him of abuse of a child, assault in the second degree, unlawful use of a weapon, and two counts of armed criminal action. Finding no error, we affirm.

## Background

M.M. (Son) was born to D.M. (Mother) and Defendant on February 16, 1992. Son had contact with Defendant "on and off" while growing up. Defendant moved in with Son and Mother in November 2006. Son and Defendant generally got along well with each other, with no arguments or physical altercations, until one Thursday when Son failed to perform his daily chore of cleaning the bathroom. In an argument with Defendant about disobeying this rule, Son told Defendant, "You get on my [expletive] nerves." Defendant told Mother that he wanted to "whoop" Son for cursing him, but Mother forbade Defendant from doing so. Defendant then told Mother to "whoop" him herself, but she refused.

The following Tuesday, August 21, 2007, Son and Mother were at home when Mother received a phone call from Defendant, asking her to meet him at the auto repair shop. Approximately fifteen or twenty minutes later, Mother left for the auto repair shop. Almost immediately after Mother left, Son heard the door open violently, and Defendant came into the house. Defendant went into the basement and came back upstairs into Son's room with a gun. He held the gun to Son's head and told him to get on his knees or he would "blow [Son's] head off." Son did as he was told, and Defendant grabbed a small aluminum T-ball bat that was in Son's room and proceeded to hit Son's stereo system, television, and ceiling fan. Then Defendant told Son to look up at him, and when he did, Defendant struck him in the mouth with the bat, causing Son to pass out temporarily. When Son came to, Defendant ordered him to clean up the room. After watching Son clean up the room, Defendant told Son that he had to leave before he killed Son. He also told Son he would kill him if he told anyone what had happened.

Once Defendant was gone, Son walked over to his neighbor's house because he did not feel safe at home. He told his

neighbor what had happened, and the neighbor called the police. Son was taken to the hospital, where he was treated for a split lip and two fractured front teeth.

The State charged Defendant with abuse of a child, assault in the second degree, unlawful use of a weapon, unlawful possession of a concealable firearm, and two counts of armed criminal action. The prosecutor dismissed count six, unlawful possession of a concealable firearm, before trial. The jury found Defendant guilty of the remaining five counts. The trial court sentenced Defendant as a persistent offender to two consecutive life sentences, plus a consecutive term of seven years. Defendant appeals, arguing that the court erred in convicting him of both second degree assault and child abuse because these two convictions violate Defendant's right to be free from double jeopardy.

## Standard of Review

Whether one's right to be free from double jeopardy has been violated is a question of law, which the appellate court reviews de novo. *State v. Kamaka,* 277 S.W.3d 807, 810 (Mo.App.2009) (*citing State v. Glasgow,* 250 S.W.3d 812, 813 (Mo. App.2008)). Like other constitutional claims, double jeopardy issues must be raised "at the earliest opportunity and preserved at each step of the judicial process." *Strong v. State,* 263 S.W.3d 636, 646 (Mo. banc 2008) (quoting *State v. Sumowski,* 794 S.W.2d 643, 648 (Mo. banc 1990)). Defendant's first mention of a double jeopardy violation was on appeal. The State argues that Defendant waived his double jeopardy claim by failing to raise it at the earliest opportunity. However, an appellant who has failed to raise a double jeopardy argument until his appeal may nevertheless request plain error review of such a claim. *State v. Polson,* 145 S.W.3d 881, 891 (Mo.App.2004). Accord-

ing to Rule 30.20, the appellate court is permitted, but is not required, to grant plain error review of allegations not properly preserved for appeal. Because Defendant admittedly failed to raise his double jeopardy claim in a timely manner, our review is limited to gratuitous plain error review. *State v. Parker,* 886 S.W.2d 908, 925 (Mo. banc 1994).

Plain error review is a two-step process. *State v. Drudge,* 296 S.W.3d 37, 40 (Mo.App.2009) (*citing State v. Darden,* 263 S.W.3d 760, 762 (Mo.App.2008)). First, the appellate court must determine whether the trial court committed an obvious error, which affected the appellant's substantial rights. *Id.* at 40–41. Second, if error is found in the first step, the court must determine whether that error resulted in manifest justice or miscarriage of justice. *Id.* at 41.

## Discussion

In his sole point relied on, Defendant argues that the trial court plainly erred in convicting Defendant of both second degree assault and child abuse because these two convictions violate Defendant's right to be free from double jeopardy. Defendant alleges that the legislature did not intend cumulative punishment for the two offenses because 1) second degree assault is a lesser included offense of child abuse and 2) second degree assault prohibits a designated kind of conduct generally and child abuse prohibits a specific instance of such conduct.

An individual's right to be free from double jeopardy derives from the Fifth Amendment to the United States Constitution. This right was made applicable to the states through the Fourteenth Amendment. *State v. Bohlen,* 284 S.W.3d 714, 717 (Mo.App.2009). Beyond protecting defendants from subsequent prosecutions for the same offense after an acquittal or a

conviction, the Fifth Amendment also prohibits multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), *overruled on other grounds. Alabama v. Smith,* 490 U.S. 794, 798–803, 109 S.Ct. 2201, 2204–2206, 104 L.Ed.2d 865 (1989). Prohibition against multiple punishments for the same offense is designed to ensure that the courts comply with the sentencing limits established by the legislature. *Ohio v. Johnson,* 467 U.S. 493, 499, 104 S.Ct. 2536, 2540–2541, 81 L.Ed.2d 425 (1984).

■ Defendant claims that the trial court erred in convicting him of two crimes for the same act. When there is an allegation of multiple punishments for one offense, the question is whether cumulative punishment was intended by the legislature. *State v. McTush,* 827 S.W.2d 184, 186 (Mo. banc 1992). If the legislature specifically authorizes cumulative punishment under two statutes that prohibit the same conduct, the court may impose multiple punishments without violating the double jeopardy clause. *Id.* To determine legislative intent with regard to cumulative punishments, the court must first look to the statutes under which Defendant was convicted. *Id.* at 187 (*citing State v. Gottsman,* 796 S.W.2d 27, 29 (Mo.App. 1990)). Neither section 565.060,[1] under which Defendant was convicted of assault, nor section 568.060, under which Defendant was convicted of child abuse, discusses whether the legislature intended cumulative punishment for the two offenses. If the statutes are silent on the issue of cumulative punishment, the court must then look to section 556.041, which expresses the legislature's general intent with regard to cumulative punishments. *Id.* at 87. Section 556.041 states:

When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if

(1) One offense is included in the other, as defined in section 556.046; or

(2) Inconsistent findings of fact are required to establish the commission of the offenses; or

(3) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or

(4) The offense is defined as a continuing course of conduct and the person's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

Defendant was convicted of second degree assault and child abuse based on the same conduct of hitting his son with a bat. According to this statute, Defendant can be legally prosecuted for each offense unless one of the exceptions in the subsections applies. Defendant contends that subsections (1) and (3) apply to the statutes under which he was convicted. As a result, he argues that the legislature does not intend cumulative punishment for these two offenses. Further, he claims that because the legislature does not intend cumulative punishment for child abuse and second degree assault, the single act of force rule applies to bar convictions of both offenses for the same act.

## I. Lesser Included Offense

■ A person may not be convicted of more than one offense if one offense is included in the other. Section 556.041(1). A lesser included offense is an offense that

---

**1.** All statutory references are to RSMo 2000 unless otherwise indicated.

is "established by proof of the same or less than all the facts required to establish the commission of the offense charged." Section 556.046.1(1).

■ Defendant asserts that second degree assault is a lesser included offense of child abuse because it is impossible to commit child abuse without committing second degree assault. While Defendant is correct that it may have been impossible, in his particular situation, to be convicted of child abuse without also being convicted of second degree assault, it does not follow that it is always impossible to commit child abuse without also committing second degree assault. Analysis of a lesser included offense under section 556.046.1(1) focuses on the statutory elements of the offenses rather than upon the evidence offered at trial. *McTush,* 827 S.W.2d at 188. "The elements of the two offenses must be compared in theory without regard to the specific conduct alleged." *State v. Derenzy,* 89 S.W.3d 472, 474 (Mo. banc 2002) (*citing State v. Burns,* 877 S.W.2d 111, 112 (Mo. banc 1994)). If each offense requires proof of an element not required by the other offense, then neither is a lesser included offense within the meaning of section 556.046.1(1). *McTush,* 827 S.W.2d at 188.

The elements of assault in the second degree are (1) knowingly (2) causing physical injury to another person (3) by means of a deadly weapon or dangerous instrument. Section 565.060.1(2). The elements of child abuse are (1) knowingly (2) inflicting cruel and inhuman punishment (3) upon a child less than seventeen years old. Section 568.060.1(1). Second degree assault requires proof of physical injury to another person by means of a deadly weapon or dangerous instrument; child abuse does not. Child abuse requires proof of cruel and inhuman punishment upon a child less than seventeen years old; second degree assault does not. Because each crime requires proof of elements not required by the other, neither second degree assault nor child abuse is a lesser included offense.

## II. Specific Instance of General Conduct

■ Defendant also contends that, because child abuse is a specific instance of second degree assault, the trial court erred in punishing him for both offenses. A person cannot be subject to cumulative punishment for two crimes if one offense is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct. Section 556.041(3). Although we found no Missouri case directly deciding whether child abuse is a specific instance of second degree assault, a similar argument has been made with regard to child abuse and endangering the welfare of a child. In *State v. Dunson,* the defendant argued that child abuse is a specific instance of endangering the welfare of a child. 979 S.W.2d 237, 242 (Mo.App.1998). The appellate court rejected this assertion, holding that, regardless of whether the offenses were based on the same conduct, endangering the welfare of a child and child abuse are not the same for double jeopardy purposes. *Id.* at 243. The court stated that while child endangerment prohibits conduct which creates a substantial risk to the life, body or health of a child, child abuse is "intended to prevent abusive and punitive conduct which causes serious emotional injury to a child." *Id.* (*citing Bass v. State,* 950 S.W.2d 940, 946 (Mo. App.1997)). Because child abuse and child endangerment are intended to prohibit different types of conduct, they are separate and independent offenses. *Id.*

■ Defendant criticizes the State's use of *State v. Dunson,* arguing that it was taken out of context. *Dunson* borrowed a

quote from *Bass* that was specifically referring to subsection 3(1) of section 568.060, while the present case refers to criminal conduct which primarily falls under subsection 1(1). Subsection 1(1) states that child abuse is a class C felony if one knowingly inflicts cruel and inhuman punishment upon a child less than seventeen years old, whereas subsection 3(1) states that child abuse is a more serious felony if the person inflicts serious emotional injury on the child. But the fact that the State did not allege serious emotional injury under subsection 3(1) is irrelevant to the determination of whether child abuse is a specific instance of second degree assault. Even if there was no serious emotional injury alleged in this case, there are many other child abuse situations where such an injury could be proven. When determining whether one offense is a specific instance of another, one must examine the language and interrelationship of the two statutes, not the factual application of the statutes in a given case. *State v. Pilousek,* 747 S.W.2d 766, 769–770 (Mo.App.1988).

If child abuse were truly a subset of second degree assault, every instance of child abuse would have to meet the statutory definition of second degree of assault, and it does not. *Id.* at 770. Proof of physical injury is an essential element of the second degree assault statute. On the other hand, although the majority of child abuse cases involve some sort of physical injury, and physical injury occurred in this case, it is not required to be proven by any provision of the statute. *See State v. Esker,* 658 S.W.2d 49 (Mo.App.1983) (finding Defendant guilty of child abuse for locking a seven-year-old child in a basement for four months); *State v. Foster,* 838 S.W.2d 60 (Mo.App.1992) (finding Defendant guilty of child abuse for allowing fourteen-year-old daughter to be photographed in the nude). Second degree assault is defined to prohibit conduct which results in physical injury; child abuse is defined to prevent cruel and inhuman punishment toward children, whether it results in physical injury or not. Because these offenses are intended to prohibit different types of behaviors, neither is a specific instance of the other.

### III. Single Act of Force Rule

Defendant contends that the single act of force rule prohibits convictions for both child abuse and second degree assault. We disagree. The single act of force rule, which was adopted by the Missouri Supreme Court in *State v. Richardson,* 460 S.W.2d 537, 540 (Mo. banc 1970), prevents a single act of force from being used as the basis of prosecution for two separate offenses. *McTush,* 827 S.W.2d at 186–187. *McTush* confined the single act of force rule in double jeopardy analysis regarding cumulative punishment solely to the extent of its consistency with legislative intent. *Id.* at 187 (*citing Missouri v. Hunter,* 459 U.S. 359, 368–369, 103 S.Ct. 673, 679–680, 74 L.Ed.2d 535 (1983)). Since *Missouri v. Hunter,* legislative intent, not the single act of force rule, controls the issue of whether one can be cumulatively punished for the same conduct under the double jeopardy clause. *Id.* at 188.

To determine legislative intent, one must first look to the individual statutes by which the defendant was convicted, and, if they are silent, then one must look to Missouri's general cumulative punishment statute. Section 556.041 specifically allows multiple punishments for the same conduct unless the statutory exceptions apply. Defendant claims that because the legislature did not authorize cumulative punishment for assault and child abuse, the single act of force rule applies to prohibit convictions for both offenses based on the same conduct. As discussed *supra,* we find that the legislature has authorized multiple punish-

481

ments for child abuse and second degree assault based on the same conduct. Defendant's convictions of both child abuse and second degree assault do not violate his right to be free from double jeopardy. Point denied.

The judgment of the trial court is affirmed.

SHERRI B. SULLIVAN, P.J., and LAWRENCE E. MOONEY, J., concur.