**STATE of Missouri, Respondent,**

**v.**

**Jimmie L. WALKER, Appellant.**

**No. ED 95089.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 8, 2011.

Margaret M. Johnston, Columbia, MO, for appellant.

Chris Koster, Atty. Gen., Jayne T. Woods, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The defendant, Jimmie L. Walker, who stands convicted of forcible rape and statutory rape for a single act of sexual intercourse, asserts a double-jeopardy challenge. We hold that because the legislature intended cumulative punishments, the sentences imposed do not violate double jeopardy. Accordingly, we affirm.

### Factual and Procedural Background

The State charged the defendant with forcible rape, Section 566.030 RSMo, and

first-degree statutory rape, Section 566.032 RSMo. The charges stemmed from defendant's single act of sexual intercourse with a girl who was less than twelve years old at the time. The State alleged the incident occurred sometime between June of 1999 and June of 2001. The jury found the defendant guilty of both charges. The trial court sentenced defendant as a prior and persistent offender to two concurrent terms of ten-years' imprisonment. Defendant appeals, contending the trial court violated his right to be free from double jeopardy when it sentenced him on both the forcible rape and the statutory rape counts.

### Standard of Review

■ Whether an individual's right to be free from double jeopardy has been violated is a question of law, which this Court reviews *de novo*. *State v. Daws*, 311 S.W.3d 806, 808 (Mo. banc 2010); *State v. Horton*, 325 S.W.3d 474, 477 (Mo.App. E.D.2010).

### Discussion

■ An individual's right to be free from double jeopardy derives from the Fifth Amendment to the United States Constitution, which guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."[1] In addition to protecting defendants from a second prosecution for the same offense after either an acquittal or a conviction, this federal constitutional guarantee also protects defendants from multi-

ple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (overruled on other grounds by *Alabama v. Smith*, 490 U.S. 794, 802, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989)); *State v. McTush*, 827 S.W.2d 184, 186 (Mo. banc 1992). This protection against cumulative punishments is "designed to ensure that the sentencing discretion of the court is confined to the limits established by the legislature" *Ohio v. Johnson*, 467 U.S. 493, 499, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); *McTush*, 827 S.W.2d at 186. "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).

■ The safeguard against double jeopardy does not automatically preclude prosecution for multiple offenses arising out of the same conduct. *State v. Reando*, 313 S.W.3d 734, 738 (Mo.App. W.D.2010). Missouri follows the separate or several offense rule rather than the same transaction rule in determining double jeopardy. *State v. Garnett*, 298 S.W.3d 919, 922 (Mo. App. E.D.2009). This means a defendant may be charged with and convicted of several offenses arising from the same transaction, incident, or set of facts without offending the double-jeopardy clause if the legislature intended to punish the conduct under more than one statute. *Id.* In other words, the double-jeopardy clause

---

1. The Fifth Amendment guarantee against double jeopardy applies to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); *State ex rel. Kemper v. Vincent*, 191 S.W.3d 45, 50 (Mo. banc 2006). The Missouri Constitution also protects against double jeopardy. *Vincent*, 191 S.W.3d at 50. We limit our discussion, how-

ever, to the federal constitutional provision. The Missouri constitutional provision affords defendant no protection against double jeopardy in this case because it applies only to retrial after an acquittal. *Id.*; Mo. Const. art. I, sec. 19. Defendant has not asserted that the imposed sentences violated his rights under the Missouri Constitution.

does not prohibit multiple convictions and punishments for the same act "if the defendant has in law and in fact committed separate crimes." *State v. French,* 79 S.W.3d 896, 898–99 (Mo. banc 2002).

■■■■■ When, as here, multiple punishments are imposed for the same conduct, the double-jeopardy analysis is limited to determining whether the legislature intended cumulative punishments. *McTush,* 827 S.W.2d at 186; *Horton,* 325 S.W.3d at 478. The federal-constitutional guarantee against double jeopardy serves principally as a restraint on courts and prosecutors. *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). "The legislature remains free under the Double Jeopardy Clause to define crimes and fix punishments...." *Id.* Thus, because the power to prescribe crimes and determine punishments is vested with the legislature, the question of whether the punishments imposed violate double jeopardy is one of legislative intent. *Johnson,* 467 U.S. at 499, 104 S.Ct. 2536; *Hunter,* 459 U.S. at 368, 103 S.Ct. 673.[2]

■■■■■ To determine legislative intent with regard to cumulative punishments, we first look to the statutes under which a defendant was convicted. *McTush,* 827 S.W.2d at 187; *Horton,* 325 S.W.3d at 478. Here, the defendant was charged and convicted under Sections 566.030 and 566.032. The defendant's offenses were committed while the 1998 versions of the statutes were in effect, and thus our analysis is confined to the 1998 statutes.[3] Those statutes, as they are today, were silent on the issue of cumulative punishment. Thus we must look to Section 556.041, which expresses the legislature's general intent with regard to cumulative punishment. *Id.* Section 556.041 provides that when the same conduct by a person may establish

2. The skeptical reader may question this line of reasoning. The double-jeopardy clause is included in the federal Bill of Rights, which protects the individual from overreaching by government. And the double-jeopardy clause protects an individual from multiple punishments for a single offense. Yet to determine whether an individual has suffered cumulative punishments for a single act, courts defer to a governmental body, the legislature. This deference imposes no constraint on the legislative power to impose cumulative punishments for a single act. We leave the resolution of this quandary to higher authorities.

3. Section 566.030 RSMo Supp.1998 provided:

  1. A person commits the crime of forcible rape if such person has sexual intercourse with another person by the use of forcible compulsion. Forcible compulsion includes the use of a substance administered without a victim's knowledge or consent which renders the victim physically or mentally impaired so as to be incapable of making an informed consent to sexual intercourse.

  2. Forcible rape or an attempt to commit forcible rape is a felony for which the authorized term of imprisonment is life imprisonment or a term of years not less than five years, unless in the course thereof the actor inflicts serious physical injury or displays a deadly weapon or dangerous instrument in a threatening manner or subjects the victim to sexual intercourse or deviate sexual intercourse with more than one person, in which case the authorized term of imprisonment is life imprisonment or a term of years not less than ten years.

Section 566.032 RSMo Supp.1998 provided:

  1. A person commits the crime of statutory rape in the first degree if he has sexual intercourse with another person who is less than fourteen years old.

  2. Statutory rape in the first degree is a felony for which the authorized term of imprisonment is life imprisonment or a term of years not less than five years, unless in the course thereof the actor inflicts serious physical injury on any person, displays a deadly weapon or dangerous instrument in a threatening manner, subjects the victim to sexual intercourse or deviate sexual intercourse with more than one person, or the victim is less than twelve years of age in which case the authorized term of imprisonment is life imprisonment or a term of years not less than ten years.

the commission of more than one offense, the person may be prosecuted for each offense, with four exceptions.[4] Pursuant to those exceptions, a person may not be convicted of more than one offense if one offense is included in the other, as defined in section 556.046; if inconsistent factual findings are required; if one offense is a specific instance of the other; or if the offenses are defined as a continuing course of conduct. Section 556.041(1)–(4).

The defendant does not argue that any of these exceptions apply. Rather, he argues the legislative intent regarding cumulative punishment is clear from the legislative history of Sections 566.030 and 566.032. Defendant notes that forcible rape and statutory rape were included together as violations of the same statute from the time the legislature enacted the criminal code in 1977 until the legislature amended the rape statute in 1994. The defendant thus reasons that because forcible rape and statutory rape were encompassed within the same statute, the legislature intended that that there be only one conviction and punishment for a single act of forcible rape of a minor. Defendant acknowledges that forcible rape and statutory rape are now in separate statutes, but argues that there is no indication that the legislature separated them to allow multiple convictions for a single act of sexual intercourse.

We are not persuaded. The defendant is correct that when the Missouri General Assembly enacted the criminal code, the legislature included forcible rape and statutory rape in the same statute, Section 566.030. As the code was first enacted, as had been the case pre-code, there was one crime of "rape," which could be committed by having sexual intercourse either: (1) without consent by the use of forcible compulsion; or (2) with a person less than fourteen years of age. Section 566.030 RSMo Supp.1979.[5] The legislature made several amendments to this rape statute in the ensuing years.[6] Most pertinent to our discussion here are those changes made in

---

4. Section 556.041 was enacted in 1977 and became effective January 1, 1979. The statute has remained unchanged since that time, and provides in full:

    When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if
    (1) One offense is included in the other, as defined in section 556.046; or
    (2) Inconsistent findings of fact are required to establish the commission of the offenses; or
    (3) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or
    (4) The offense is defined as a continuing course of conduct and the person's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

5. Section 566.030 RSMo Supp.1979 read in full:

    1. A person commits the crime of rape if:
    (1) He has sexual intercourse with another person to whom he is not married, without that person's consent by the use of forcible compulsion; or
    (2) He has sexual intercourse with another person to whom he is not married who is less than fourteen years old.
    2. Rape is a class B felony unless in the course thereof the actor inflicts serious physical injury on any person or displays a deadly weapon in a threatening manner, in which case rape is a class A felony.

6. In 1980, the legislature kept the two alternative ways of committing rape as violations of the same statute, but put each alternative in its own separate subsection. Each subsection then had its own separate, corresponding punishment subsection. In 1990, the legislature deleted the wording "to whom he is not married" from the forcible rape subsection and then combined the two punishment subsections into one, so that each of the alternative ways of committing rape carried the same punishment. In 1993, the legislature

1994. To begin, the legislature split the alternative ways of committing rape into their own separate statutes. The legislature left the first alternative—sexual intercourse without consent by the use of forcible compulsion—in Section 566.030, and denominated that section as "forcible rape and attempted forcible rape," in place of the previous "rape" denomination.[7] The legislature moved the other alternative way of committing rape—sexual intercourse with a person less than fourteen years old—to the newly-created Section 566.032, and denominated that crime as statutory rape in the first-degree. The legislature also defined a new crime, second-degree statutory rape, which the legislature placed in its own newly-created statutory section, Section 566.034.[8] Next, the legislature amended the authorized terms of imprisonment, with each statute—forcible rape, first-degree statutory rape, and second-degree statutory rape—having its own corresponding range of punishment. The punishment provisions for forcible rape and first-degree statutory rape were nearly identical to one another and to the prior law, and were the same provisions included in the 1998 version of the law at issue here.[9] The legislature designated second-degree statutory rape as a class C felony, carrying a lesser term of punishment than either forcible rape or first-degree statutory rape.[10] The next changes occurred in 1998, when the legislature amended the definition of forcible rape.[11]

amended the authorized term of imprisonment and added an additional aggravating circumstance.

7. The legislature removed the no-consent requirement, leaving the crime of forcible rape defined as "sexual intercourse with another person by the use of forcible compulsion."

8. Section 566.034 provides in part:
    1. A person commits the crime of statutory rape in the second degree if being twenty-one years of age or older, he has sexual intercourse with another person who is less than seventeen years of age.

9. In line with the prior law, the aggravating circumstance of a *victim less than twelve* years old appeared only in the first-degree statutory rape section. In all other respects, the new punishment provisions for forcible rape and first-degree statutory rape were identical. And the new provisions were identical to the punishment provision of the prior rape statute, except the maximum thirty-year limit, which the legislature had added in 1993, was no longer included.

10. Section 566.030 RSMo 1994 read:
    1. A person commits the crime of forcible rape if he has sexual intercourse with another person by the use of forcible compulsion.
    2. Forcible rape or an attempt to commit forcible rape is a felony for which the authorized term of imprisonment is life imprisonment or a term of years not less than five years, unless in the course thereof the actor inflicts serious physical injury or displays a deadly weapon or dangerous instrument in a threatening manner or subjects the victim to sexual intercourse or deviate sexual intercourse with more than one person, in which case the authorized term of imprisonment is life imprisonment or a term of years not less than ten years.
Section 566.032 RSMo 1994 provided:
    1. A person commits the crime of statutory rape in the first degree if he has sexual intercourse with another person who is less than fourteen years old.
    2. Statutory rape in the first degree is a felony for which the authorized term of imprisonment is life imprisonment or a term of years not less than five years, unless in the course thereof the actor inflicts serious physical injury on any person, displays a deadly weapon or dangerous instrument in a threatening manner, subjects the victim to sexual intercourse or deviate sexual intercourse with more than one person, or the victim is less than twelve years of age in which case the authorized term of imprisonment is life imprisonment or a term of years not less than ten years.

11. Specifically, the legislature substituted "such person" for "he" in the first sentence of subsection 1, and added a second sentence to

The legislature then left the forcible-rape statute, Section 566.030, unchanged until 2006, which is well after the offenses were committed in this case. Similarly, the legislature left Section 566.032, the first-degree statutory-rape statute, unchanged from its inception until 2006.

We mention these various amendments to illustrate the ongoing evolution of the criminal law in this state. Pre-code law had come under scrutiny. Professor Edward H. Hunvald, Jr., criticized the pre-code rape statute for including forcible rape and statutory rape under one statute, and for prescribing such a wide range of punishment. Hunvald, Criminal Law in Missouri—The Need for Revision, 28 Mo. L.Rev. 521 (1963). Judge Orville Richardson, one of the drafters of the proposed criminal code, remarked of the pre-code law that:

> "[t]he fundamental inadequacy of the Missouri law of sex offenses is the monolithic character of the major crimes of rape, sodomy, and child molestations, all of which carry extremely severe punishment. What is needed is a splitting of these offenses into a number of separate crimes according to logical differentiating factors that permit appropriate grading of the penalties."

Richardson, Sexual Offenses Under the Proposed Missouri Criminal Code, 38 Mo. L.Rev. 371 (1973). Judge Richardson noted that the proposed code made "no essential change in most respects in the present Missouri law of sexual offenses." *Id.* For example, forcible rape and statutory rape remained severely punished crimes, reflecting the long-held belief and view of society that where the actor applies forcible compulsion or where the victim is a prepubescent child, sexual offenses should be regarded as aggravated and deserving of heavier punishment than when those circumstances are not present. *Id.* The major changes proposed to the then current Missouri law of sexual offenses split and then subdivided the principal sex offenses into a number of graded offenses. *Id.* The committee's primary goal in doing so was to enable the legislature to grade and assign a suitable range of punishment to each offense. *Id.* Granted, the legislature kept forcible rape and statutory rape in the same section when it enacted the criminal code in 1977. But, the General Assembly continued to make changes over the years, refining and tailoring the law. The changes in 1994 were one more step in the evolution of the criminal law of this state to define the criminal offenses and to allow for punishment befitting the crime.

We presume the legislature, in enacting statutes, does not intend to perform a useless act, and when it amends a statute, we presume the legislature intended for the amendment to have some effect or to accomplish some legislative purpose. *E & B Granite, Inc. v. Director of Revenue*, 331 S.W.3d 314, 317 (Mo. banc 2011); *State v. Rousseau*, 34 S.W.3d 254, 261 (Mo.App. W.D.2000). It is apparent that by making the changes it did in 1994—separating out forcible rape and statutory rape, creating two new statutory rape sections, and fashioning punishment provisions for each rape section—the legislature intended that forcible rape and statutory rape be separate and distinct crimes with separate punishments. We reject the notion that the leg-

---

that subsection, such that Section 566.030.1 read, with emphases added, indicating amendments:

1. A person commits the crime of forcible rape if *such person* has sexual intercourse with another person by the use of forcible compulsion. *Forcible compulsion includes the use of a substance administered without a victim's knowledge or consent which renders the victim physically or mentally impaired so as to be incapable of making an informed consent to sexual intercourse.*

islature changed the statutory scheme in such a manner, yet intended that there be only one offense for which an offender could be convicted for a single act. Such an interpretation would render the legislature's acts meaningless. The statutes protect against separate and distinct evils: (1) the use of force to compel sexual intercourse; and (2) the exploitation of children. In raping the young girl here, the defendant violated two different prohibitions that the legislature codified as separate criminal offenses. He forced his victim to engage in sex against her will, and he chose a victim to whom the legislature afforded additional protection because of her age.

Returning, then, to the general cumulative-punishment statute, Section 556.041, we hold that none of the exceptions apply. As a consequence, pursuant to the general provision of Section 556.041, the defendant may be prosecuted and punished for both forcible rape and statutory rape for a single act of sexual intercourse without violating his right to be free from double jeopardy.[12]

We affirm.

PATRICIA L. COHEN, P.J., and GEORGE W. DRAPER III, SPECIAL JUDGE, concur.

12. The legislature has made numerous changes to Sections 566.030 and 566.032 since 1998. We express no opinion as to the legislature's intent with regard to cumulative punishments under the current version of the law.