**STATE of Missouri, Appellant,**

**v.**

**Edward ROACH, Respondent.**

**No. ED 97952.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 20, 2012.

Application for Transfer Denied
Dec. 31, 2012.

Application for Transfer to Supreme
Court Denied Feb. 26, 2013.

Jessica M. Hathaway, St. Louis, MO, for respondent.

Chris Koster, Karen L. Kramer, Jefferson City, MO, for appellant.

CLIFFORD H. AHRENS, Presiding Judge.

The State appeals the trial court's judgment dismissing one count of an indictment against Defendant Edward Roach on grounds of double jeopardy after Defendant pled guilty to the same charge in federal court. We reverse and remand.

The State charged Defendant, as a prior offender, with unlawful use of a weapon (count I) and unlawful possession of a firearm due to his status as a felon (count II). While those charges were pending, the U.S. Attorney filed a federal charge against Defendant for unlawful possession of a firearm stemming from the same incident. Defendant pled guilty of that charge in federal court and then sought dismissal of count II of the State's indictment on the basis of double jeopardy. The trial court granted Defendant's motion and dismissed count II. Defendant pled guilty to count I, and the trial court sentenced him to a prison term of 15 years. The State appeals, asserting that the trial court erred in dismissing count II because the principle of dual sovereignty permits parallel prosecutions for the same crime. Whether a defendant is subject to double jeopardy is a question of law, so our review is *de novo*. *State v. Walker*, 352 S.W.3d 385, 387 (Mo.App.2011).

An individual's right to be free from double jeopardy derives from the Fifth Amendment and applies to the states through the Fourteenth Amendment. *Id.* This constitutional guaranty protects defendants from a second prosecution for the same offense after acquittal or conviction and from multiple punishments for the same offense. *Id.* However, "double jeopardy does not bar prosecution of the same offense by separate sovereign jurisdictions, such as the state and federal governments." *State v. George*, 277 S.W.3d 805 (Mo.App.2009). Missouri adheres to this principle of dual sovereignty as established by the U.S. Supreme Court. *Id.* citing *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959), and *Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). See also *Heath v. Alabama*, 474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985). Under this principle, "a conviction or acquittal in federal court will not prevent a subsequent conviction for the same offense in state court if the case is one over which both sovereigns have jurisdiction." *Id.*

Such is the case here. Defendant acknowledges the foregoing precedent and fully concedes that, consistent therewith, the State's pursuit of count II does not violate his right against double jeopardy. Nonetheless, Defendant urges this court to disregard the precedent on various policy grounds, noting that 25 other states have enacted statutes limiting state prosecutions following federal prosecutions for the same offense. While that may be true, this court is bound to follow the law as stated in current governing precedent. Defendant's remedy lies with the General Assembly.

The trial court's judgment dismissing count II is reversed, and the case is remanded.

SHERRI B. SULLIVAN and GLENN A. NORTON, JJ., concur.