

# In the Missouri Court of Appeals Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| MARCUS KILCREASE, | ) | ED102478 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | 1422-CC00262 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Rex M. Burlison |
| | ) | |
| Respondent. | ) | Filed: November 24, 2015 |

## Introduction

Marcus Kilcrease (Movant) appeals the judgment of the motion court denying his motion to vacate, set aside, or correct the judgment and sentence under Rule 24.035[1] (Rule 24.035 Motion) after a partial evidentiary hearing. We affirm.

## Background

Movant entered a blind plea of guilty to three counts of assault in the first degree (Counts I-III), three counts of abuse of a child (Counts IV-VI), and three counts of child endangerment (Counts VII-IX), arising out of injuries that occurred to minor child Z.B. between March 15, 2012 and June 6, 2012. The factual basis underlying his pleas, as presented by the State at Movant's plea hearing, was the following.

---

[1] All rule references are to Mo. R. Crim. P. (2014) unless otherwise indicated.

On June 6, 2012, Z.B. was just under two years old. Z.B.'s mother went to work and left Z.B. and Z.B.'s younger brother home with Movant. Later that morning, Movant called Z.B.'s mother and told her Z.B. had fallen off of the bed and was not responding to him. Z.B.'s mother told Movant to call 911.

At the hospital, Z.B.'s mother learned that Z.B. had multiple healed rib fractures, which were approximately eight weeks old. Z.B. also had a 1.1 centimeter laceration of the liver with edema and slight swelling of each kidney and the adrenal glands. Z.B. also had multiple small bowel intussusception. Finally, Z.B. had injuries to her brain including edema in the layer between her brain and her skull, left subdural hematoma, and a midline shift of the brain approximately six millimeters. Hospital personnel declared Z.B. in critical condition, and the original prognosis was that she would not likely survive due to the swelling of her brain.

When police questioned Movant, he eventually told them that he had lost his temper when Z.B. had a bathroom accident, and urine leaked from her diaper onto Movant. He admitted punching Z.B. in the gut and that he "slammed the child." He also admitted that during other times when he was with her, he had gotten upset and would pick her up and squeeze her around her rib cage.

The State charged Movant with three sets of charges for each of three separate injuries to Z.B. Counts I, IV, and VII were the charges of assault in the first degree, abuse of a child, and child endangerment, respectively, all related to the rib fractures Z.B. sustained. Counts II, V, and VII were the same three charges relating to Movant punching Z.B. in the abdomen. Finally, Counts III, VI, and IX related to the slamming of Z.B. so that her head struck a wall or the floor, resulting in her brain injuries.

2

At the time of Movant's plea, Z.B. was three years old, and she was the same intellectually that she was at the time she went to the hospital, approximately one year before. She had eye vision deficits requiring surgery, and she had to wear leg braces as a result of her neurological injuries.

The plea court sentenced Movant to concurrent terms of life imprisonment for each of the three first-degree assault counts, and seven-year terms of imprisonment on each of the remaining counts, all sentences to run concurrently. Movant does not contest the factual basis to support his guilty pleas.

Movant filed his Rule 24.035 Motion, alleging several claims that his plea was involuntary. Among them, he argued that his plea counsel (Counsel) was ineffective for advising him that the plea court would not sentence him to a term of more than 10 years in prison. Additionally, Movant argued that his pleas of guilty to three separate crimes arising from each injury to Z.B. violated double jeopardy.

The motion court held an evidentiary hearing on the issue of Counsel's advice to Movant, after which it denied Movant's Rule 24.035 Motion. This appeal follows.

### Standard of Review

Our review of Movant's motion is limited to the determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j); State v. Nunley, 980 S.W.2d 290, 291 (Mo. banc 1998). We will find the motion court's judgment clearly erroneous only if, after reviewing the entire record, we are left with a definite and firm impression that a mistake has been made. Nunley, 980 S.W.2d at 291-92. We defer to the motion court's determinations of credibility and presume that the

3

motion court's findings and conclusions are correct. <u>Moore v. State</u>, 207 S.W.3d 725, 729 (Mo. App. S.D. 2006).

Point I

Movant argues that the motion court clearly erred in denying his motion because Counsel was ineffective for assuring him that the plea court would not sentence him to more than 10 years in prison. We disagree.

Where there is a plea of guilty, claims of ineffective assistance of counsel are relevant only to the extent they affect the voluntariness of the plea. <u>Nunn v. State</u>, 23 S.W.3d 910, 912-13 (Mo. App. W.D. 2000). In order to prevail on such a claim, a movant must show that his or her counsel's performance was deficient and that the movant was prejudiced thereby. <u>Id.</u> at 912 (citing <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)). The movant must prove his or her claim of ineffective assistance of counsel by a preponderance of the evidence. Rule 24.035(i).

A movant may be entitled to relief when he or she has a mistaken belief regarding the sentence he or she will receive; "the test is whether a reasonable basis exists in the record for such belief." <u>Bates v. State</u>, 421 S.W.3d 547, 553 (Mo. App. E.D. 2014). A mere prediction from counsel about the possible sentence will not render a plea involuntary. <u>Id.</u>

Here, Movant alleged in his motion that Counsel told Movant and Movant's parents that Movant would not receive a sentence longer than 10 years. At the evidentiary hearing, Movant as well as each of his parents confirmed that they all believed Movant would receive a 10-year sentence based on what Counsel told them.

4

However, Movant also testified that Counsel never used the words "I promise[]" regarding a particular sentence.

Counsel testified at the hearing that he told Movant he did not know what sentence the court would impose and that he never told Movant it would be no more than 10 years. He testified that he asked Movant what sentence he would accept so that he could try to negotiate with the prosecutor, and Movant never agreed to a particular number. Counsel also said that the State did not make any plea offers.

In its judgment, the motion court noted that at the plea hearing, Movant stated he understood the range of punishment and that he would be required to serve at least 85% of his sentence. After Movant pled guilty, in response to the plea court's questions regarding counsel's assistance, Movant had complaints, but he did not complain that counsel had promised him he would not receive more than 10 years. The motion court found the questions put to Movant were specific enough regarding any promise made about Movant's sentence, and that Movant's claim was refuted by the record of the guilty plea hearing. The motion court further found Counsel's testimony at the evidentiary hearing to be credible and concluded that Counsel did not promise Movant a sentence not to exceed ten years.

From our review of the record, as well as our deference to the motion court's credibility findings, we cannot conclude the motion court clearly erred. Point denied.

### Point II

Movant argues that his convictions violate his constitutional protection against double jeopardy, because one course of conduct underlies each of the three groups of the charges of first-degree assault, child abuse, and child endangerment. We disagree.

5

A constitutional claim of double jeopardy is a legal question we review *de novo*. State v. Daws, 311 S.W.3d 806, 808 (Mo. banc 2010). The double jeopardy clause of the Fifth Amendment offers not only protection from successive prosecutions for the same offense, but also "protection from multiple punishments for the same offense." Id. (quoting State v. Flenoy, 968 S.W.2d 141, 143 (Mo. banc 1998)). However, prosecution for multiple offenses arising out of the same conduct is not *per se* unconstitutional. State v. Walker, 352 S.W.3d 385, 388 (Mo. App. E.D. 2011). "[A] defendant may be charged with and convicted of several offenses arising from the same transaction, incident, or set of facts without offending the double-jeopardy clause if the legislature intended to punish the conduct under more than one statute." Id.

Here, Movant argues that the court violated double jeopardy by simultaneously convicting him of first-degree assault, child abuse, and child endangerment, based on the same underlying conduct. Movant essentially argues this happened three times, because the same three charges resulted from three separate instances of injury to Z.B. For the rib fractures, the State charged Movant with first-degree assault, child abuse, and child endangerment. The State charged Movant again with the same three offenses for the punch to Z.B.'s abdomen, and the same three charges again for slamming her against either the floor or the wall.[2] The plea court sentenced Movant for all three charges associated with each injury. Movant argues each set of the three convictions violated

---

[2] We do not consider whether these two injuries constitute separate units of prosecution, as Movant does not raise this argument, and it is unclear in the record how much time passed between punching Z.B. and slamming her against the wall or floor. We note only that when charges arise from a single set of facts but are based on different acts for which the defendant formed an intent to attack the victim, the charges do not violate double jeopardy. State v. Tyler, 196 S.W.3d 638, 641 (Mo. App. W.D. 2006) (finding headbutting and stabbing during same phase of attack constituted separate assault charges); see also Schofield v. State, 750 S.W.2d 463, 466 (Mo. App. W.D. 1988) (double jeopardy not violated with three separate assault convictions for stabbing victim with knife, beating victim with piece of wood, and strangling victim with nylon strap during ongoing attack).

6

double jeopardy. Because the State charged the same three offenses for each incident of injury, our double-jeopardy analysis applies to each of them. Our question is whether a person may legally be found guilty of first-degree assault, child abuse, and child endangerment, for the same underlying conduct.

"With respect to cumulative sentences imposed . . ., the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." State v. Hardin, 429 S.W.3d 417, 421 (Mo. banc 2014) (quoting Missouri v. Hunter, 459 U.S. 359, 366 (1983)). "Double jeopardy analysis regarding multiple punishments is, therefore, limited to determining whether cumulative punishments were intended by the legislature." Hardin, 429 S.W.3d at 421 (quoting State v. McTush, 827 S.W.2d 184, 186 (Mo. banc 1992)).

Thus, we turn to the statutes under which Movant was convicted. Section 565.050[3] (first-degree assault), Section 568.060, RSMo. (2000) (first-degree child abuse), and Section 568.045 (endangering the welfare of a child) are all silent with respect to whether cumulative punishment under these sections is authorized. See State v. Horton, 325 S.W.3d 474, 478 (Mo. App. E.D. 2010) (second-degree abuse and child abuse statutes are silent with respect to cumulative punishment). In such a case, we look to Section 556.041, which provides, "When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense." See State v. Sutton, 320 S.W.3d 729, 736 (Mo. App. E.D. 2010). This section contains four exceptions, the first of which is when "[o]ne offense is included in the other." Section 556.041(1).

---

[3] All statutory references are to RSMo. (Supp. 2012) unless otherwise indicated.

7

This codifies the Fifth Amendment's protection from being convicted by both a primary offense as well as a lesser-included offense. To determine whether one offense is included in another, we apply the "same elements" test set forth by the United States Supreme Court in Blockburger v. United States, 284 U.S. 299 (1932). Sutton, 320 S.W.3d at 736. "Under this test, if each offense requires proof of a fact that the other does not, then the offenses are not lesser included offenses, notwithstanding a substantial overlap in the proof offered to establish the crimes." Id. (quoting State v. McTush, 827 S.W.2d 184, 188 (Mo. banc 1992)) (internal alterations omitted). The focus is on the elements in theory, rather than the specific facts of the underlying conduct at issue. Sutton, 320 S.W.3d at 736 (citing State v. Derenzy, 89 S.W.3d 472, 474 (Mo. banc 2002)).

Here, Movant claims that child abuse and child endangerment are lesser-included offenses of first-degree assault. However, each of these three offenses requires proof of a fact which the others do not. As charged here, assault in the first degree required proof that Movant knowingly caused serious physical injury to Z.B. Section 565.050. Child abuse required proof that Movant knowingly inflicted cruel and inhuman punishment upon a child less than 17 years old. Section 565.060, RSMo. (2000). The assault charges required proof of serious physical injury, which child abuse did not. Similarly, child abuse required proof of cruel and inhuman punishment upon a child under 17, which assault did not. Thus, neither offense is included in the other. See State v. Horton, 325 S.W.3d 474, 479 (Mo. App. E.D. 2010) (neither second-degree assault nor child abuse is lesser-included offense).

8

Further, child endangerment is not included within first-degree assault. Child endangerment requires proof that the defendant knowingly acted in a manner that created a substantial risk to the life, body, or health of a child less than 17 years old. Section 568.045. Serious physical injury is an element of first-degree assault, but no physical injury to the child is necessary to convict a defendant of child endangerment. See State v. Davis, 407 S.W.3d 721, 725 (Mo. App. S.D. 2013) (harm to child does not have to occur to trigger application of child endangerment statute). Likewise, the victim of child endangerment must be a child less than 17 years old, whereas assault may be committed against any other person. See State v. Hines, 377 S.W.3d 648, 658 (Mo. App. S.D. 2012) (age of victim is element of child endangerment).

Finally, child abuse and child endangerment are separate offenses. State v. Dunson, 979 S.W.2d 237, 243 (Mo. App. W.D. 1998). A defendant's constitutional rights are not violated by conviction of both offenses for the same underlying conduct. Id.

Thus, the motion court did not clearly err in determining Movant's convictions did not violate the Fifth Amendment's protection against double jeopardy, though each set of three charges was based on a common set of underlying facts. Point denied.

## Conclusion

We defer to the motion court's credibility findings, and in doing so, find the motion court did not clearly err in determining that Counsel was not ineffective in advising Movant regarding the sentence he would receive. Additionally, Movant's convictions for first-degree assault, child abuse, and child endangerment, stemming from the same underlying facts, did not violate his Fifth Amendment protection against double

9

jeopardy because each offense required proof of a fact that the other two did not. . We affirm.

_____
Gary M. Gaertner, Jr., Judge

Philip M. Hess, P. J., concurs.
Angela T. Quigless, J., concurs.

10