Mark D. Pfeiffer, Presiding Judge
Mr. Jeffrey L. Treta ("Treta") appeals from the judgment of the Circuit Court of Jackson County, Missouri ("motion court"), denying his Rule 24.035 motion for post-conviction relief, following an evidentiary hearing.[1] Treta contends that his convictions and sentences for two counts each of statutory rape and forcible rape for two single acts should be vacated because the convictions and sentences were duplicative in violation of his constitutional right to protection from double jeopardy. We affirm.
Factual and Procedural History[2]
Treta was charged by indictment with sexual misconduct involving a child, section 566.083[3] (Count I);[4] two counts of *409 forcible rape, section 566.030 (Counts II and IV); and two counts of statutory rape in the first degree, section 566.032 (Counts III and V). The charges arose from Treta's having sexual intercourse with Victim, a child under twelve years old, by the use of forcible compulsion on January 19, 2013, and January 29, 2013.
On January 8, 2016, Treta appeared in circuit court to enter a guilty plea to all the charges in exchange for the State's agreement to recommend that the sentences on all counts run concurrently and also concurrent with his forty-year sentence in an unrelated federal case.
In his colloquy with the plea court, Treta admitted that on January 29, 2013, he knowingly exposed his genitals to Victim for the purpose of gratifying his sexual desire, and further admitted that on the same day, he had sexual intercourse with Victim by the use of forcible compulsion and that Victim was less than twelve years old. Treta also admitted that on the same day, he committed the crime of statutory rape by having sexual intercourse with Victim who was less than twelve years old. Treta admitted that on January 19, 2013, he had sexual intercourse with Victim by the use of forcible compulsion and that Victim was less than twelve years old. Finally, Treta admitted that on the same day, he committed the crime of statutory rape by having sexual intercourse with Victim who was less than twelve years old.
The plea court confirmed that Treta understood that he did not have to plead guilty and that he could instead exercise his constitutional rights to a jury trial, to a presumption of innocence, to not testify, to subpoena witnesses, to representation by an attorney at trial, and to appeal if convicted. The plea court confirmed that Treta understood that he was waiving his constitutional rights by pleading guilty, that he was pleading guilty voluntarily and the decision was made of his own free will, and that his attorney did everything he asked and he had no complaints about her services.
The plea court concluded that: Treta understood the charges against him and the consequences of his pleas; Treta had been advised of his rights, understood them, and voluntarily, freely, and intelligently waived those rights; Treta understood and was ably and competently assisted by his attorney, and that his decision to plead guilty was made freely, voluntarily, and intelligently; there was a factual basis for each plea; and, Treta was guilty of each crime beyond a reasonable doubt. The plea court accepted Treta's guilty pleas and sentenced him in accordance with the plea agreement.
Treta thereafter filed a timely pro se Rule 24.035 motion for post-conviction relief. Appointed counsel filed an amended motion alleging, in relevant part, that Treta's guilty plea was not knowing, voluntary, and intelligent, in that the plea court violated Treta's rights to due process and freedom from double jeopardy by finding Treta guilty of and sentencing him on Count II for forcible rape and Count III for statutory rape (both occurring on January 29, 2013) and Count IV for forcible rape and Count V for statutory rape (both occurring on January 19, 2013). The motion alleged that the convictions and sentences arose from a single act, were duplicative, and thus violated Treta's right to be free from double jeopardy.
An evidentiary hearing on the motion was held on April 28, 2017, and subsequently *410 the motion court issued findings of fact and conclusions of law denying the motion.
Treta timely appeals.
Standard of Review
Our review of the denial of a Rule 24.035 motion is limited to determining whether the motion court's judgment was clearly erroneous. Rule 24.035(k). A judgment is clearly erroneous only if, after reviewing the entire record, we are "left with the definite and firm impression that a mistake has been made." Roberts v. State , 276 S.W.3d 833, 835 (Mo. banc 2009). A movant must prove his claims for relief by a preponderance of the evidence. Rule 24.035(i). We presume that the motion court's findings are correct. Barton v. State , 432 S.W.3d 741, 748 (Mo. banc 2014). "Whether an individual's right to be free from double jeopardy has been violated is a question of law, which this Court reviews de novo. " State v. Walker , 352 S.W.3d 385, 387 (Mo. App. E.D. 2011).
Analysis
Treta contends that his convictions and sentences for two counts each of statutory rape and forcible rape for two single acts should be vacated because his guilty plea was not knowing, voluntary, and intelligent because the convictions and sentences were duplicative in violation of his constitutional right to be free from double jeopardy. Specifically, Treta asserts that "there was no indication of legislative intent an accused can be convicted on both forcible/non-consensual and statutory sex crimes arising from a single act, since statutory sex crimes are a specific type of forcible sex crimes, and, thus, convictions and sentences for both forcible/non-consensual and statutory sex crimes arising from a single act are prohibited, § 556.041(3)[.]"
"By pleading guilty, a defendant waives all errors except for those affecting the voluntariness or understanding with which the plea was made." Saffold v. State , 982 S.W.2d 749, 753 (Mo. App. W.D. 1998). Our inquiry here, as in all Rule 24.035 appeals, is whether the record establishes that the defendant entered his plea knowingly, voluntarily, and intelligently. Price v. State , 137 S.W.3d 538, 540 (Mo. App. S.D. 2004). "A double jeopardy claim can be raised in a Rule 24.035 proceeding, if the face of the record shows that the conviction or sentence violates double jeopardy." McDaris v. State , 843 S.W.2d 369, 375 (Mo. banc 1992) (citing Hagan v. State , 836 S.W.2d 459, 461 (Mo. banc 1992) ).
The protection against double jeopardy is found in the Fifth Amendment to the United States Constitution, applied to the states by the Fourteenth Amendment, and prevents criminal defendants from being subject to multiple punishments for the same offense. State v. Thompson , 361 S.W.3d 46, 50 (Mo. App. W.D. 2011). This protection is intended to confine the sentencing discretion of the courts to the limits established by the legislature. Id. The relevant determination in a double jeopardy analysis is whether the legislature intended cumulative punishments. Id.
Pertinent to this case, at the time Treta raped the Victim, a person committed the crime of statutory rape if he "has sexual intercourse with another person who is less than fourteen years old." § 566.032. A defendant was guilty of forcible rape where "such person has sexual intercourse with another person by the use of forcible compulsion." § 566.030.1. Treta claims that "a review of case law, statutory history, and the statutes defining sexual offenses indicates that the Legislature did not intend to allow for sentences to be *411 imposed for both statutory and forcible sex crimes arising from a single sexual act." We disagree.
In Walker , the Eastern District of this Court provided relevant legislative history regarding statutory and forcible rape:
[W]hen the Missouri General Assembly enacted the criminal code, the legislature included forcible rape and statutory rape in the same statute, Section 566.030. As the code was first enacted, as had been the case pre-code, there was one crime of "rape," which could be committed by having sexual intercourse either: (1) without consent by the use of forcible compulsion; or (2) with a person less than fourteen years of age. Section 566.030 RSMo Supp. 1979. The legislature made several amendments to this rape statute in the ensuing years. Most pertinent to our discussion here are those changes made in 1994. To begin, the legislature split the alternative ways of committing rape into their own separate statutes. The legislature left the first alternative-sexual intercourse without consent by the use of forcible compulsion-in Section 566.030, and denominated that section as "forcible rape and attempted forcible rape," in place of the previous "rape" denomination. The legislature moved the other alternative way of committing rape-sexual intercourse with a person less than fourteen years old-to the newly-created Section 566.032, and denominated that crime as statutory rape in the first-degree. The legislature also defined a new crime, second-degree statutory rape, which the legislature placed in its own newly-created statutory section, Section 566.034. Next, the legislature amended the authorized terms of imprisonment, with each statute-forcible rape, first-degree statutory rape, and second-degree statutory rape-having its own corresponding range of punishment. The punishment provisions for forcible rape and first-degree statutory rape were nearly identical to one another and to the prior law, and were the same provisions included in the 1998 version of the law.... The legislature designated second-degree statutory rape as a class C felony, carrying a lesser term of punishment than either forcible rape or first-degree statutory rape. The next changes occurred in 1998, when the legislature amended the definition of forcible rape. The legislature then left the forcible-rape statute, Section 566.030, unchanged until 2006.... Similarly, the legislature left Section 566.032, the first-degree statutory-rape statute, unchanged from its inception until 2006.
State v. Walker , 352 S.W.3d 385, 389-91 (Mo. App. E.D. 2011) (footnotes omitted).
In 2006, the legislature amended the authorized terms of imprisonment for forcible rape, increasing the minimum punishment where the defendant "inflicts serious physical injury or displays a deadly weapon or dangerous instrument in a threatening manner or subjects the victim to sexual intercourse or deviate sexual intercourse with more than one person" from ten to fifteen years, § 566.030.2(1); adding a required punishment where the victim is less than twelve years of age of life imprisonment without eligibility for probation or parole until thirty years are served (or until fifteen years are served if the defendant is over seventy-five years old), § 566.030.2(2); and specifying that suspended imposition or execution of sentence is not to be granted to defendants convicted of forcible rape (or attempt), § 566.030.4. In 2009, no changes relevant to the instant analysis were made to the subject statutory sections.
Our presumption is that the legislature does not intend to perform a useless *412 act in enacting statutes or in amending statutes, but rather it intends such act to have some effect or accomplish some legislative purpose. Walker , 352 S.W.3d at 391. By making the changes it did in 1994, separating forcible rape into a separate statutory section from statutory rape and creating separate punishment provisions for each, the legislature intended that forcible rape and statutory rape be separate and distinct crimes with separate punishments. Id. We perceive no reason to accept the notion rejected by the Walker court "that the legislature changed the statutory scheme in such a manner, yet intended that there be only one offense for which an offender could be convicted for a single act." Id. at 391-92. To do so would render the legislature's acts meaningless. Id. at 392. "The statutes protect against separate and distinct evils: (1) the use of force to compel sexual intercourse; and (2) the exploitation of children." Id. In raping the young victim here, Treta violated two different prohibitions that the legislature codified as separate criminal offenses: "[h]e forced his victim to engage in sex against her will, and he chose a victim to whom the legislature afforded additional protection because of her age." Id.
Treta also argues that "forcible and statutory sex crimes are merely alternative methods of proving a single type of offense: forced, non-consensual sexual contact" and asserts that "statutory sex crimes are a specific type of forcible sex crimes and therefore, these offenses fall within the exception of § 556.041(3), RSMo -they prohibit [ ] specific instances of a general type of conduct." We disagree.
Where the legislature does not express its intent regarding cumulative punishment, section 556.041(3) is instructive in the case of offenses that "differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct."
However, as discussed above, when the legislature separated forcible rape and statutory rape into separate sections in 1994 and fashioned separate punishment provisions for each, it intended that forcible rape and statutory rape constitute separate and independent crimes with separate punishments. Further, it is well established that "age is the essential element in statutory rape, and the intent of the perpetrator and the consent of the victim are irrelevant." State v. Thompson , 361 S.W.3d 46, 50 (Mo. App. W.D. 2011) (internal quotation marks omitted). Forcible rape, on the other hand, requires forcible compulsion as its essential element, meaning either "[p]hysical force that overcomes reasonable resistance" or "[a] threat, express or implied, that places a person in reasonable fear of death, serious physical injury or kidnapping of such person or another person[.]" § 556.061(12).
Thus, "forcible compulsion, by its very definition, does not encompass all instances of nonconsensual sex crimes." Thompson , 361 S.W.3d at 50 (emphasis added). Forcible sex crimes require an element of physical force or threat that is simply not required for a first-degree statutory rape conviction, as the mere act of an individual engaging in sexual intercourse with someone under the age of fourteen, absent any physical force or threat, constitutes first-degree statutory rape. Id. at 51. Accordingly, circumstances constituting a first-degree statutory rape conviction do not automatically satisfy the necessary requirements for a forcible rape conviction. Id. Therefore, it does not follow that statutory sex crimes are specific instances of what Treta deems the more general crime of forcible rape. Id.
The motion court did not err in concluding that Treta's convictions and sentences *413 were not duplicative and did not violate his constitutional protection against double jeopardy.
Treta's appeal is denied.
Conclusion
We affirm the motion court's judgment.
Lisa White Hardwick and Edward R. Ardini, Jr., Judges, concur.

All rule references are to I Missouri Court Rules - State (2018).

On appeal of the denial of a Rule 24.035 motion, we view the facts in the light most favorable to the motion court's judgment. Robertson v. State , 502 S.W.3d 32, 35 (Mo. App. W.D. 2016) (citing Rousan v. State , 48 S.W.3d 576, 579 (Mo. banc 2001) ).

All statutory references are to the Revised Statutes of Missouri 2000, as updated through the 2012 Cumulative Supplement.

Treta does not challenge or seek any relief related to his guilty plea to the charge in Count I.