**652**

STATE of Missouri,
Plaintiff-Respondent,

v.

Daniel Lee BOUNDS,
Defendant-Appellant.

No. 42658.

Missouri Court of Appeals,
Eastern District, Division One.

Dec. 29, 1981.

Donald Gerard, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, John Lyng, Pros. Atty., Hannibal, for plaintiff-respondent.

STEWART, Presiding Judge.

Defendant appeals from a conviction for selling and distributing a controlled substance in violation of § 195.240 RSMo 1978.

We affirm.

Defendant contends that the court erred in (1) failing to instruct upon the defense of entrapment; (2) restricting his cross-examination of the State's expert witness; (3) permitting the expert witness to testify because he was not qualified; and (4) admitting the police report into evidence.

An undercover highway patrol officer was put in touch with defendant by an informant. The officer purchased a small plastic pouch of a white powder substance from defendant. The substance was taken to the State Highway Patrol laboratory for chemical analysis. Charles Durham, a chemist for the laboratory for seventeen years tested the substance and concluded that it contained methamphetamine.

In his defense, the defendant testified that he was approached by the informant and the officer who asked him to make a purchase of the drug. He refused and left the lounge where they had met, to take his brother home. On his return to the lounge he was approached again and was asked again by the informant and the officer to make a purchase of drugs for them. He again refused. When he left the lounge the informant went to defendant's car and threw $70.00 on the seat. Defendant said that he pretended to go for drugs. He drove around for a while, returned, and told

the informant that he could not get him any "crystal" and returned the money except for $10.00 which the informant told him to keep. As he was about to drive away the officer approached the car with a plastic pouch in his hand and asked defendant "[d]oes this look like a gram?" He also asked "[d]o you think its worth $65?" In reply, the defendant stated that he guessed so but didn't know and drove off.

The State has called our attention to the question of the timeliness of defendant's motion for new trial. The jury returned its verdict on October 30, 1979. The trial court granted defendant thirty days additional time within which to file the motion for new trial as permitted by Rule 27.20 which was in effect at the time. This gave defendant forty days from October 30 to file the motion. The motion was due on December 10, 1979. The motion for new trial was placed in the mail addressed to the trial judge. It was received by the judge on December 12, 1979. The minutes of the Circuit Court of Marion County reflect that the motion for new trial was handed to the clerk on December 27, 1979 and filed of record on that date. The envelope indicated that the motion was received by the court on December 12, 1979.

 Whether we consider the motion filed on December 12 or on December 27, it is untimely filed and is a nullity preserving nothing for our review. *State v. Clark,* 432 S.W.2d 279 (Mo.1968).

We have reviewed the record and the briefs of counsel and find no plain error that would justify our disturbing the judgment in this case. *State v. Brandon,* 606 S.W.2d 784, 786 (Mo.App.1980).

Defendant's first point relied on has been ruled adversely to his contention in *State v. Williams,* 542 S.W.2d 3, 6 (Mo.App.1976), where it was held that the defense of entrapment is not generally available to a defendant who denies that he committed the offense.

Evidence of any change in the composition of the substance sold by defendant was not relevant to the issues in the case.

The trial court did not abuse its discretion in limiting defendant's cross-examination of the State's expert witness. *State v. Robinson,* 588 S.W.2d 247, 248[4] (Mo.App.1979).

The transcript reveals that there was sufficient evidence of the qualifications of the State's expert witness to warrant admission of his testimony. There was no abuse of discretion in this regard. *State v. Harvell,* 527 S.W.2d 445, 447 (Mo.App.1975).

There was clearly no error in the admission of the police report inasmuch as it was admitted into evidence by agreement of the parties.

The judgment of the trial court is affirmed.

STEPHAN, J., and LACKLAND H. BLOOM, Special Judge, concur.