**STATE of Missouri, Respondent,**

v.

**Othel MOORE, Appellant.**

**Othel MOORE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 64562, 66448.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 13, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 27, 1995.

Application to Transfer Denied
Sept. 19, 1995.

Dave Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

A jury convicted defendant, Othel Moore, (also known as Othel Jones) of sale of a controlled substance, heroin, in violation of § 195.291 RSMo Cum.Supp.1992, a class B felony. He was sentenced to serve ten years without the possibility of probation or parole as a prior and persistent drug offender. Section 195.291 RSMo Cum.Supp.1994. Defendant appeals the conviction and denial of his Rule 29.15 post-conviction motion without an evidentiary hearing. He raises a total of six points of error, two on direct appeal, four on the motion.

According to the testimony of Detective Latricia Allen, she posed as a drug buyer on April 8, 1993. She dressed casually and drove an un-marked police vehicle. She made eye-contact with Othel Moore on Newstead Avenue. She then turned the car around, again made eye contact, and stopped the car next to Moore. Detective Allen engaged Moore in conversation which was tape recorded by a police drug unit. On the tape, Detective Allen's first words with Moore were, "Do you know if anybody's doing anything." Moore responded; "Yeah, I know where somebody's doing something. It's on Alice [Avenue]." She indicated that she was interested in "smoke" (cocaine), but did not want to go to Alice Avenue because of a perceived danger. Moore knew other locations where drugs were available. Detective Allen drove with Moore to three different locations in their search for drugs.

Detective Allen testified Moore got out of the car at both the first and second locations and spoke to the people present. Both times he returned to the car and told her that there were no drugs available. The third location was the place on Alice Avenue. There she overheard a man tell Moore that he had "boy" (heroin). Moore returned to the car and told Detective Allen that there was no cocaine at the location. Detective Allen gave Moore $30 to purchase heroin. He used her money to purchase the heroin. Moore returned to the car and handed Detective Allen three "buttons" (capsules) of heroin.

Moore's testimony agreed with some of Detective Allen's testimony. He testified that he understood Detective Allen was looking for drugs. He denied knowing exactly where any drugs were located. He said he

guessed at possible locations. He only pretended to ask for drugs at all three stops. According to Moore, he would not have been involved with any drugs unless he believed an intimate relationship with Detective Allen was possible. Moore claimed he was not the individual who directly handed the drugs to Detective Allen. He acknowledged his part in the sale by delivering the purchase money.

Moore contends the trial court improperly relied on *State v. Johnson,* 728 S.W.2d 675, 678–679 (Mo.App.1987), in refusing an entrapment instruction. In *Johnson,* the court determined that defense is not available in narcotics situations where the defendant denied making the actual "sale." *Id.; State v. Bounds,* 644 S.W.2d 652, 653 (Mo.App.1981). The state proved by the testimony of Detective Allen and secretly taped conversations with Moore that he participated in the charged illegal sale of drugs. Defendant confirmed by his own testimony that he did. His actions of purchasing the drugs, regardless of his denial of handing the drugs to Detective Allen, were sufficient to convict. Moore's statements do not realistically constitute a denial of illegal activity. He cannot claim no illegal activity took place and claim error for not submitting an entrapment instruction which would have informed the jury he committed the acts. *Johnson,* at 678–679.

Moreover, the evidence did not support the instruction. According to § 562.066.1 RSMo 1986: "The commission of acts which would otherwise constitute an offense is not criminal if the actor engaged in the prescribed conduct because he was entrapped by a law officer...." Missouri Court's have adopted a two part, subjective test, on determining entrapment. *State v. Willis,* 662 S.W.2d 252 (Mo. banc 1983). A defendant must present evidence of both inducement to commit an unlawful act and the absence of a willingness to engage in such conduct. *Id.* at 255. The basic question is whether the defendant's criminal activity was caused by the creative activity of the officer or by the defendant's own predisposition. *Id.; State v. Worstell,* 767 S.W.2d 352, 353 (Mo.App.1989). A defendant has the burden of going forward with evidence of both un-

lawful government inducement and his lack of predisposition. *Willis,* 662 S.W.2d at 255.

The defense of entrapment is only available if a defendant can show an inducement to commit an unlawful act and an unwillingness to engage in such conduct. *Id.* Moore asserts that he was induced to commit the illegal act by Detective Allen's flirtatious conversation. Both Detective Allen and Moore testified that they flirted and discussed their search for drugs while they were in the car. Detective Allen called Moore "Mr. Santa Fe" because of the cologne he was wearing. She told him to call her "Cootchie." She said, "no" to his question whether she had a man. She told him everyone needs somebody. However, in order to constitute prohibited inducement, the flirtation on the part of Detective Allen must constitute activity that can not be condoned by the courts. *Id.*

Missouri courts have examined the actions of undercover agents who encourage illegal activity by promising inducements of drugs, alcohol, and sex. *State v. Jenkins,* 674 S.W.2d 93, 95 (Mo.App.1984). In *Jenkins,* the defendant testified that the agent had sex with him and encouraged him with alcohol and drugs. *Id.* We found that even if the evidence showed inducement, it did not reveal an unwillingness to commit the illegal activity. *Id.* Detective Allen's actions are not comparable to the actions of the government agent in *Jenkins. Id.* She never provided or directly promised sex, drugs, or alcohol to Moore. Moreover, she testified that her communications with Moore, even if interpreted as flirting, were really her method of preventing the suspect from becoming suspicious that she was an undercover detective. There was no proof of improper inducement.

Nor was there evidence of unwillingness on the part of the defendant. A defendant has the burden of proving unlawful government inducement as well as unwillingness to engage in the activity. *Willis,* 662 S.W.2d at 255. A finding of inducement must be matched by evidence of unwillingness to participate in the illegal activity before an instruction of entrapment is required. *Id.* Moore testified that his main goal was

not to purchase the drugs, but instead to have sex with Detective Allen. He guessed at locations where drugs were present and merely pretended to ask for drugs. This was not evidence he was unwilling to provide his "friend" with illegal drugs.

 Finally, a defendant is entitled to an entrapment instruction only when there is probative evidence favorable to the defense. *State v. Wells,* 731 S.W.2d 250, 251 (Mo. banc 1987). However, the state may rebut the defendant's evidence of unwillingness by showing his predisposition to commit the crime. *Willis,* 662 S.W.2d at 255. Where defendant's acts are consistent with a pre-existing willingness to commit the charged crime, the self-serving denial of willingness is not sufficient to require the instruction. Here there was evidence of a motive to please Detective Allen other than sale of drugs but not a denial of willingness.

 Acts that reveal an individual's propensity for engaging in certain illegal activities refute a post-arrest claim of entrapment in that area. *Johnson,* 728 S.W.2d at 679. Moore was knowledgeable of the drug trade in the neighborhood. He had prior convictions for heroin possession in 1983 and 1984. He understood Detective Allen's covert inquiry about drugs and he participated in a completed drug transaction. His assertions that he was only interested in sex with Detective Allen do not constitute evidence of an unwillingness to engage in the drug transaction. Moreover, his interest in sex with Detective Allen goes to his effort to prove inducement, not unwillingness. Point denied.

In his second point, Moore challenges the constitutionality of an instruction defining proof beyond a "reasonable doubt" as proof that leaves you "firmly convinced" of the defendant's guilt. This argument has been raised and rejected in Missouri courts repeatedly. *State v. Griffin,* 848 S.W.2d 464, 469 (Mo. banc 1993); *State v. Antwine,* 743 S.W.2d 51 (Mo. banc 1987). Point denied.

 Points III, V, and V–A, all question denial of Rule 29.15 relief because of ineffectiveness of the trial counsel. We consider them together. Our review of these points is limited to a determination of wheth-er the findings, conclusions and judgment of the motion court were clearly erroneous. Rule 29.15(j). To establish a claim of ineffective assistance of counsel, defendant must prove his counsel's performance was deficient and the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Sanders v. State,* 738 S.W.2d 856 (Mo. banc 1987).

 Moore challenges the denial of his Rule 29.15 motion without a hearing on allegations of ineffective assistance of counsel for inept cross-examination. Defense counsel elicited testimony from Detective Allen on the definition of a "steerer." She was treated as an expert, a specialist, in narcotics activities. Counsel asked Detective Allen to give her opinion on the definition of a "steerer" and her reasons for applying this to Moore. Moore argues this enquiry damaged his defense. Defense counsel's strategy, as argued to the jury, was to show that Moore did not fit into the traditional definition of "steerer." The definition given by Detective Allen allowed counsel to argue defendant was not a "steerer." Moore did not have any money in his possession when he was arrested. He testified that he did not deliver the drugs. But, Detective Allen's definition included possession of money as payment from the drug dealer and delivery of the drugs for the dealer. We find trial counsel's inquiry was justified as a legitimate strategy. Point denied.

 Moore argues defense counsel erred in not obtaining a copy of a tape recording of his conversations with Detective Allen (Kel tape). The Kel tape was played by the prosecution to the jury on August 5, 1993. Moore claims that his defense was harmed by his counsel's reliance on memory instead of review of the prosecution's tape. Moore testified the day after the Kel tape was played in court. He contends the tape would have helped him prepare for his own testimony. Assuming defendant testified truthfully there was no possible prejudice. Point denied.

 Moore also claims his post-conviction counsel failed to adequately plead

facts to warrant an evidentiary hearing on the failure of defense counsel to review the Kel tape before trial. Allegations of ineffective assistance of post-conviction counsel are not reviewable. *State v. Feltrop*, 803 S.W.2d 1, 19 (Mo. banc 1991). Post-conviction proceedings can not be used to challenge the effectiveness of post-conviction counsel. *Lingar v. State*, 766 S.W.2d 640, 641 (Mo. banc 1989). Point denied.

Moore's last point is the state improperly used the same evidence in sentencing Moore under both § 558.016 RSMo Cum.Supp.1992, and § 195.291 RSMo Cum.Supp.1992. He claims this constituted double jeopardy. The trial court sentenced Moore as a prior and persistent drug offender. Hence, he must serve the sentence without eligibility for probation or parole. The state proved Moore's prior convictions for possession of heroin in 1983 and 1984. Defendant was properly sentenced under § 195.291 RSMo Cum.Supp. 1992.

The trial court found Moore to be a prior and persistent offender under § 558.016 RSMo Cum.Supp.1992, and a prior and persistent drug offender under § 195.275 RSMo Cum.Supp.1992, and § 195.291 RSMo Cum. Supp.1992. But, the record shows that Moore was properly sentenced only as a prior and persistent drug offender under § 195.291 RSMo Cum.Supp.1992. The double jeopardy claim is both factually and legally unsupported.

We affirm.

GRIMM, C.J., and AHRENS, P.J., concur.