**STATE of Missouri, Respondent,**

v.

**James Edward YOUNG, Appellant.**

**No. WD 62516.**

Missouri Court of Appeals,
Western District.

June 29, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 27, 2004.

■■■■■■■■
■■■■■■■■■■■■
■■■■■■■■■■■■
■■■■■■■■■■■■
■■■■■■■■■■■■

———

Dana J. Macoubrie, Chillicothe, MO, for appellant.

Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

Before NEWTON, P.J., ULRICH and BRECKENRIDGE, JJ.

PATRICIA BRECKENRIDGE, Judge.

James E. Young was convicted, after a bench trial, of one count of attempted statutory rape in the second degree, in violation of sections 566.034 and 564.011, RSMo 2000,[1] and sentenced to five years in prison and a fine of $5000. On appeal, Mr. Young challenges the sufficiency of the evidence to support the trial court's finding that he committed the crime of attempted statutory rape, claiming he did not take a substantial step toward the commission of the crime. Because this court finds that there was sufficient evidence to support a finding that Mr. Young took a substantial step toward the commission of the crime of statutory rape, the trial court's judgment is affirmed.

**Factual and Procedural Background**

In November 2001, Livingston County Sheriff Steve Cox was conducting an undercover investigation over the Internet. On or about November 24, 2001, Sheriff Cox made contact with Mr. Young through "instant messaging." The messages between Sheriff Cox, posing as a fourteen-year-old female, and Mr. Young continued over the next several days and soon became sexual in nature. Through e-mail communications and instant messaging, Mr. Young told the fourteen-year-old female that he wanted to come to Chillicothe and meet her for a sexual encounter. Eventually, it was agreed that Mr. Young would meet the fourteen-year-old female at 9:00 a.m. on November 30, 2001, at a bowling alley in Chillicothe for the encounter. Mr. Young indicated that he would bring condoms, alcoholic beverages, and lubricant.

On November 30, 2001, Mr. Young arrived at the parking lot of the bowling alley at the agreed upon time. After confirming Mr. Young's identity through reference to a Yahoo computer profile, Sheriff Cox and several other law enforcement officers proceeded to arrest Mr. Young for attempted statutory rape. A search of Mr. Young and his vehicle uncovered condoms, four wine coolers, and lubricant.

Mr. Young was subsequently charged by information with the felony of attempted statutory rape in the first degree, in violation of sections 566.032 and 564.011. On January 6, 2003, Mr. Young waived his right to a jury trial, and the court conducted a bench trial. After overruling Mr. Young's motion for a judgment of acquittal, the trial court found Mr. Young guilty of attempted statutory rape in the second degree, in violation of sections 566.034 and 564.011.[2] On February 27, 2003, the trial court sentenced Mr. Young to five years in

1. All statutory references are to the Revised Statutes of Missouri 2000.

2. The sentence and judgment entered by the trial court stated that Mr. Young was "found guilty upon a plea of guilty." This is erroneous. Mr. Young pled not guilty and was found guilty by the court after a trial.

prison and imposed a $5000 fine. Mr. Young filed this appeal.

## Standard of Review

■ When reviewing the sufficiency of the evidence to support a criminal conviction, this court is limited to a determination of whether there was sufficient evidence upon which a reasonable trier of fact could have found that the defendant was guilty beyond a reasonable doubt. *State v. Silvey*, 894 S.W.2d 662, 673 (Mo. banc 1995). This court will accept as true all evidence that supports the judgment, and disregard evidence that is unfavorable to the judgment. *State v. Eppenauer*, 957 S.W.2d 501, 503 (Mo.App.1997).

## Sufficient Evidence Supports Finding of Attempt

In his sole point on appeal, Mr. Young alleges that there was insufficient evidence to support the trial court's finding that he committed the crime of attempted statutory rape because the State failed to prove that he took a substantial step, within the meaning of section 564.011, toward the completion of the charged crime.

The trial court convicted Mr. Young of attempted statutory rape in the second degree in violation of section 566.034. A person is guilty of statutory rape in the second degree if, "being twenty-one years of age or older, he has sexual intercourse with another person who is less than seventeen years of age." Section 566.034. An attempt to commit a crime, as defined by section 564.011.1, has two elements: "(1) the defendant has the purpose to commit the underlying offense, and (2) the doing of an act which is a substantial step toward the commission of that offense." [3]

*State v. Withrow*, 8 S.W.3d 75, 78 (Mo. banc 1999). Mr. Young does not dispute the sufficiency of the evidence concerning the "purpose" element. Rather, he argues that the evidence was insufficient to support a finding that he took a substantial step toward the commission of the crime.

■ A substantial step is conduct that is "strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." Section 564.011.1. *See also State v. Molasky*, 765 S.W.2d 597, 601 (Mo. banc 1989). " 'What act or conduct will constitute a substantial step will depend on the facts of the particular case.' " *State v. Bates*, 70 S.W.3d 532, 535 (Mo.App.2002) (quoting *Molasky*, 765 S.W.2d at 601).

Mr. Young argues that this court's decision in *Bates* supports his assertion that he failed to take a substantial step toward the completion of the charged crime. Alternatively, Mr. Young asks this court to reverse the trial court's judgment based on the persuasive authority of *State v. Duke*, 709 So.2d 580 (Fla.Dist.Ct.App.1998), and *State v. Kemp*, 753 N.E.2d 47 (Ind.Ct.App. 2001). This court finds that *Bates* is not controlling and does not find *Duke* or *Kemp* persuasive.

In *Bates*, this court reversed the defendant's conviction for attempted statutory rape, holding that the defendant's mere act of sending sexually explicit letters and pictures to the victim from jail did not constitute a substantial step toward the commission of the crime. 70 S.W.3d at 537. In particular, *Bates* held that mere conversation of a desire to become sexually active with a young girl, unaccompanied by " 'any other corroborative action,' " is insufficient

---

**3.** "It is no defense to a prosecution under this section that the offense attempted was, under the actual attendant circumstances, factually or legally impossible of commission, if such offense could have been committed had the attendant circumstances been as the actor believed them to be." Section 564.011.2.

to demonstrate a substantial step. *Id.* (quoting *Molasky*, 765 S.W.2d at 602).

■ Mr. Young argues that, "other than traveling to Livingston County," the only factual difference between this case and *Bates* is that the defendant in *Bates* used the mail, whereas Mr. Young used the Internet. Although Mr. Young attempts to gloss over his act of traveling to the agreed-upon meeting place, his argument points out that his conduct can be divided into two categories. First, Mr. Young communicated over the Internet and through e-mail with Sheriff Cox, who was posing as a fourteen-year-old female. During such communications, Mr. Young indicated his desire to have a sexual encounter with the minor and eventually enticed her to meet him at a prearranged meeting place. This court agrees with Mr. Young that such communications, whether via the Internet or the mail, standing alone, are insufficient to find that he took a substantial step towards committing the crime of statutory rape. *Id.*

■ The second act Mr. Young took, however, i.e., the specific act of driving to the agreed-upon meeting place, is the corroborative action specifically absent in *Bates*. *See Molasky*, 765 S.W.2d at 602 (discussing cases finding evidence of seriousness of purpose when defendant engaged in conduct such as "making a cash payment, delivering a weapon, visiting a crime scene, [or] waiting for a victim" in combination with conversation). Such conduct goes beyond remote preparatory activity and unequivocally confirms a criminal design. Mr. Young communicated his desire to have sexual contact with a person he thought was a fourteen-year-old female. He arranged to meet the minor at a specific time and place. He informed the minor of the description of the car he would be driving and that he would bring condoms, lubricant, and alcoholic beverages to the encounter. Mr. Young then traveled to the rendezvous, in the vehicle described, at the appointed time, and with the promised items. Given that the minor did not actually exist, Mr. Young took every possible step he could have taken in order to commit the offense of statutory rape. Thus, considering the totality of the circumstances, this court finds that sufficient evidence supports the trial court's finding that Mr. Young took a substantial step toward the commission of the crime of statutory rape.

This court rejects Mr. Young's argument that the courts' holdings in *Duke* and *Kemp* should be persuasive. Those states define "attempt" differently than Missouri. *Duke*, 709 So.2d at 582 (attempt only if conduct reaches "level of an overt act leading to the commission of sexual battery" and goes "beyond preparation and planning"); *Kemp*, 753 N.E.2d at 50 (attempt requires overt act that "reach[es] far enough towards accomplishing the attempted crime as to amount to commencement of consummation"; "overt act must go beyond preparation and planning"). Prior Missouri decisions have similarly described the "substantial step" required for an attempt as something more than mere preparation, but possibly less than the last act necessary before the actual commission of the substantive crime.[4] This definition

4. *See, e.g., State v. Presberry*, 128 S.W.3d 80, 92 (Mo.App.2003); *State v. Sellars*, 98 S.W.3d 124, 128 (Mo.App.2003); *State v. Rollett*, 80 S.W.3d 514, 521 (Mo.App.2002); *State v. Ballenger*, 72 S.W.3d 154, 157 (Mo.App.2002); *State v. Todd*, 70 S.W.3d 509, 522 (Mo.App. 2002); *State v. O'Brien*, 5 S.W.3d 532, 534 (Mo.App.1999); *State v. Morrow*, 996 S.W.2d 679, 683 (Mo.App.1999); *State v. Motley*, 976 S.W.2d 502, 505–06 (Mo.App.1998); *State v. Mulder*, 916 S.W.2d 346, 348 (Mo.App.1996); *State v. Blaney*, 801 S.W.2d 447, 449 (Mo. App.1990).

of "substantial step," however, was derived from the common law of attempt and section 556.150, repealed in 1977 and replaced with section 564.011, effective January 1, 1979. Prior attempt law required an overt act towards the commission of the crime, i.e., some act beyond mere preparation. *See Molasky,* 765 S.W.2d at 600. In *Molasky,* however, the Supreme Court specifically stated that attempt under prior section 556.150 was a "tougher test" than the current test for attempt contained in section 564.011. *Id.* The Supreme Court, in *Withrow,* further clarified that section 564.011 has substituted proof of a "substantial step" for the common law proof of an overt act in perpetration of the crime. 8 S.W.3d at 78–79. Thus, as this court previously noted in *Bates,* Missouri has abandoned the requirement of some act beyond mere preparation or the requirement of an overt act in attempt law. 70 S.W.3d at 538. Moreover, *Withrow* held that "[t]o the extent cases have incorporated the four common law elements into the substantial step analysis, they should no longer be followed." 8 S.W.3d at 79 (footnote omitted).

Thus, Missouri cases that have continued to employ a requirement of something beyond mere preparation or an overt act have jumbled the elements of prior attempt law with elements of attempt law based on section 564.011. Missouri now recognizes only one type of attempt, i.e., section 564.011. *See Withrow,* 8 S.W.3d at 78–79. The common law concept that an attempt requires an overt act, and not mere preparation, is improper under the substantial step requirement of section 564.011. Therefore, this court overrules its prior cases that required an act beyond mere preparation or an overt act to establish a substantial step, and disagrees with our sister districts to the extent they hold otherwise.

Under the substantial step analysis of section 564.011, this court finds that Mr. Young completed every act that he could, because the fourteen-year-old female did not exist. His conduct was "strongly corroborative of the firmness of [his] purpose to complete the commission of the offense" of statutory rape in the second degree. Section 564.011.1. Therefore, his conduct constituted a substantial step towards the commission of the crime of statutory rape in the second degree and there was sufficient evidence to support the trial court's judgment.

This finding is in line with the majority of courts that have similarly concluded that arranging a meeting place for a sexual encounter and arriving there at the prearranged time are sufficient to constitute a substantial step in furtherance of a sex crime against a minor. *See, e.g., U.S. v. Root,* 296 F.3d 1222 (11th Cir.2002); *Kirwan v. State,* 351 Ark. 603, 96 S.W.3d 724 (2003); *People v. Reed,* 53 Cal.App.4th 389, 61 Cal.Rptr.2d 658 (1996); *Dennard v. State,* 243 Ga.App. 868, 534 S.E.2d 182 (2000); *State v. Glass,* 139 Idaho 815, 87 P.3d 302 (Ct.App.2003); *People v. Scott,* 318 Ill.App.3d 46, 251 Ill.Dec. 630, 740 N.E.2d 1201 (2000); *People v. Patterson,* 314 Ill.App.3d 962, 248 Ill.Dec. 534, 734 N.E.2d 462 (2000); *Van Bell v. State,* 105 Nev. 352, 775 P.2d 1273 (1989); *Chen v. State,* 42 S.W.3d 926 (Tex.Crim.App.2001); *State v. Townsend,* 147 Wash.2d 666, 57 P.3d 255 (banc 2002); *State v. Grimm,* 258 Wis.2d 166, 653 N.W.2d 284 (Ct.App.2002).

The trial court did not err in overruling Mr. Young's motion for judgment of acquittal. The trial court's judgment is affirmed.

All concur.