

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED106610 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | |
| | ) | Honorable Jon A. Cunningham |
| WILLIAM R. CONNER, | ) | |
| | ) | |
| Appellant. | ) | Filed:  August 13, 2019 |

## Introduction

William R. Conner ("Appellant") was convicted of enticement of a child under § 566.151,[1] attempted statutory rape under §§ 566.034 and 564.011, attempted statutory sodomy under §§ 566.064 and 564.011, and sexual misconduct involving a child under § 566.083 following a jury trial in the Circuit Court of St. Charles County.  In three points relied on, Appellant raises five claims on appeal.

In Point I, Appellant makes two sufficiency of the evidence claims and an entrapment claim.  Appellant first contests the sufficiency of the evidence at trial for a conviction of enticement of a child and sexual misconduct involving a child because the person he was interacting with was, in fact, an officer masquerading as a girl under fifteen years of age.  Next, Appellant contests the

---

[1] All statutory references are to RSMo (2016) unless otherwise indicated.

sufficiency of the evidence at trial convicting Appellant of attempted statutory rape or statutory sodomy because the State failed to show a substantial step towards the commission of those offenses. Last, Appellant argues the State failed to rebut his claimed defense of entrapment.

In Point II, Appellant claims the enticement of a child statute is unconstitutionally vague and inconsistent. In Point III, Appellant asserts double jeopardy claiming the four charges are cumulative punishments for the same conduct.

We grant, in part, Point I. Appellant's other points are denied. On Appellant's claim involving the sufficiency of the evidence for the enticement of a child and sexual misconduct involving a child convictions, we reverse the convictions and remand for resentencing on convictions for attempted enticement of a child and attempted sexual misconduct involving a child. In all other respects, the judgment is affirmed.

Factual Procedural Background

On July 19, 2016, an officer with the St. Charles County Cyber Crimes Task Force posted an advertisement in the "adult casual encounters" section of Craigslist. Craigslist is a website that allows anyone to post an advertisement for free. The officer created a profile for Jackie Anderson ("Jackie") to post the advertisement. The advertisement was titled "Pokemon friend" and contained the following message: "Hey im [sic] looking for a friend who can have some fun with Pokemon Go! Looking to hang out! hit me up."[2] The advertisement indicated "Jackie" was 18 years of age.

---

[2] "Pokémon GO" is an augmented reality game played via mobile cellular devices. It uses location tracking and cameras to allow players to travel around catching virtual creatures which appear to be in the real-world location. Nick Wingfield and Mike Isaac, *Pokémon Go Brings Augmented Reality to a Mass Audience*, N.Y. Times, July 11, 2016, https://www.nytimes.com/2016/07/12/technology/pokemon-go-brings-augmented-reality-to-a-mass-audience.html.

Appellant responded to the advertisement via email: "If you want to teach an older man how to play Pokemon GO, I would like to play it and other grownup games with you. Forty-ish white male, 6'2", 195, clean cut and professional. Want to play with daddy?"

By email, "Jackie" responded, "I'm 14 so I can't drive yet." Appellant then asked, "Are you just looking to play Pokemon or are you looking for someone to have sex with?" "Jackie" responded, "LOL. I'm just looking to meet new people and hang out." Appellant asked for a picture of "Jackie". "Jackie" sent Appellant a photograph of a former employee of the St. Charles County Cyber Crimes Task Force at around 17 years of age. Appellant later said, "So it would be just chatting and hanging out. I'm cool with that unless if you are looking to have sex?" "Jackie" responded, "I'm looking for whatever you are. I'm only 14 so you take the lead, LOL." "Jackie" sent Appellant a phone number to continue the conversation via text messages.

The conversation continued through text messages. Appellant sent a picture of his penis to the phone number provided by "Jackie". Appellant offered to pick "Jackie" up over his lunch hour the following day. He suggested they could go to lunch and look for Pokémon. Then he said, "you could play with my cock. If you don't want to…I'm cool with that." "Jackie" responded, "You'll have to teach me stuff. I'm only 14 so you probably have more experience, LOL." Appellant asked, "Have you given a guy a blow job or hand job?" And then said, "We can start with that." "Jackie" then asked Appellant what else he would want to do. Appellant said he was interested in performing sexual acts on her genitals with his mouth, his hands, and his genitals.

"Jackie" asked Appellant what time they would meet. Appellant suggested between 12:00-1:00pm. "Jackie" indicated they could meet at a gas station near her house. Appellant arrived at the gas station at around 12:15pm. Appellant was arrested in the gas station parking lot. Appellant's phone was seized.

Appellant was indicted for enticement of a child, sexual misconduct involving a child, attempted statutory rape, and attempted statutory sodomy. Before trial, Appellant moved to dismiss all of the charges based on an entrapment defense. The trial court denied Appellant's motion to dismiss. The trial court allowed the defense of entrapment in the jury instructions. Jury Instructions 7, 9, 11, and 13 outlined the elements of each of the four charged crimes. Jury Instruction No. 15 outlined the defense of entrapment. In order to find Appellant guilty of the charged crimes, the jury was required to find Appellant was not entrapped as outlined in Instruction 15. Each charging instruction contained the following language as a necessary element: "…that defendant was not entrapped as submitted in Instruction No. 15 …"

The jury found Appellant guilty on all four counts. The trial court sentenced Appellant to the Missouri Department of Corrections for seven years for enticement of a child and three terms of three years for sexual misconduct involving a child, attempted statutory rape, and attempted statutory sodomy, all to run concurrently for a total of seven years.

This appeal followed.

## Point I

In Point I, Appellant claims three separate legal errors with the State's case. Although Point I is inexcusably multifarious, we can "discern the basis" of Appellant's argument allowing us to address the point *ex gratia*. *State v. Adams*, 443 S.W.3d 50, 54 (Mo. App. E.D. 2014).

### Standard of Review

In considering a sufficiency of the evidence challenge, we determine whether "any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt." *State v. Bowen*, 523 S.W.3d 483, 487 (Mo. App. E.D. 2017) quoting *Williams v. State*, 386 S.W.3d 750, 754 (Mo. banc 2012). It is "not an assessment of whether the Court believes that the evidence at

trial established guilt beyond a reasonable doubt…" *Bowen*, 523 S.W.3d at 487 quoting *Williams*, 386 S.W.3d at 754. We view the evidence and all reasonable inferences in the light most favorable to the verdict disregarding any evidence or inferences to the contrary. *State v. White*, 466 S.W.3d 682, 689-90 (Mo. App. E.D. 2015).

*Analysis*

**Officer Masquerading as a Child**

Appellant claims the State did not provide sufficient evidence for the jury to convict him for either enticement of a child under § 566.151 or sexual misconduct involving a child under § 566.083 because Appellant did not communicate with a person under fifteen years of age. Both statutes require a person under fifteen years of age to be involved in the communication. § 566.151.1; § 566.083.1(2). Appellant claims he communicated with an officer masquerading as a girl under 15 years of age so this essential element of both crimes was not met. The State concedes this element of enticement of a child and sexual misconduct involving a child was not met. The State asserts Appellant should be convicted of attempted enticement of a child and attempted sexual misconduct involving a child. We agree. We reverse the convictions and enter convictions of attempted enticement of a child under §§ 566.151 and 564.011 for attempted sexual misconduct of a child under §§ 566.083 and 564.011. The State argues we can enter the convictions for the attempted offenses and affirm the sentences. However, Appellant suggests we should remand for resentencing. We agree with Appellant and remand to the trial court for sentencing on the convictions of attempted enticement and attempted sexual misconduct.

An attempt is a lesser-included offense of completing a crime. § 556.046.1(3). "Where a conviction of a greater offense has been reversed for insufficiency of the evidence, the reviewing court may enter a conviction for a lesser offense if the evidence was sufficient for the jury to find

5

each of the elements and the jury was required to find those elements to enter the ill-fated conviction on the greater offense." *State v. O'Brien*, 857 S.W.2d 212, 220 (Mo. banc 1993) (internal citations omitted). In the *O'Brien* case, the jury did not make all of the findings necessary to charge the appellant with the lesser-included offense so the case was remanded for a new trial. *Id*. We find the Supreme Court's analysis in *O'Brien* instructive to the facts of this case.

In this case, we must determine if the evidence was sufficient for the jury to find Appellant guilty of attempted enticement of a child and attempted sexual misconduct involving a child as required by *O'Brien*. *Id*. We will outline the requirements applicable for each of the crimes, review the jury instructions, and determine whether the evidence was sufficient for the necessary findings for each of these alleged crimes. We will read the jury instructions together in order to determine whether the elements of each of these attempted charges were met. *State v. Davies*, 330 S.W.3d 775, 787 (Mo. App. W.D. 2010) (internal citations omitted).

"A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense." § 564.011.1. "A 'substantial step' is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." § 564.011.1. "What act or conduct will constitute a substantial step will depend on the facts of the particular case." *State v. Molasky*, 765 S.W.2d 597, 601 (Mo. banc 1989). As such, the attempt statute requires only a showing that "defendant's purpose was to commit the underlying offense and that defendant took a substantial step toward its commission." *State v. Faruqi*, 344 S.W.3d 193, 202 (Mo. banc 2011) quoting *State v. Wadsworth*, 203 S.W.3d 825, 832–33 (Mo. App. S.D. 2006).

To convict a defendant for attempted enticement of a child under this version of the statute when a law enforcement officer was masquerading as the person under fifteen years of age, the

State needed to show: a defendant is twenty-one years of age or older; the defendant was persuading, soliciting, coaxing, enticing, or luring through words, actions, or other communication; the defendant *believed* the recipient was under fifteen years of age; and the defendant asked this person to meet for sexual activity. See *Faruqi*, 344 S.W.3d at 202.[3]

To return a guilty verdict for enticement of a child, Jury Instruction No. 7 required the jury to find and believe from the evidence:

"First, that on or between July 19, 2016 and July 20, 2016, in the County of St. Charles, State of Missouri, the defendant enticed Jackie, a peace officer masquerading as a child less than fifteen years of age, by sending a series of electronic messages with explicit sexual content, arranging a meeting with Jackie and then driving to a prearranged destination to meet with Jackie, and

Second, that the defendant did so for the purpose of engaging in sexual conduct with minor female known as Jackie, and

Third, that at the time, minor female Jackie was less than fifteen years of age, and

Fourth, that it was the defendant's purpose to have sexual conduct with a person less than fifteen years of age, and

Fifth, that the defendant was twenty-one years of age or older, and

Sixth, that defendant was not entrapped as submitted in Instruction No. 15,

then you will find the defendant guilty under Count 1 of enticement of a child."

The jury followed this instruction to find Appellant guilty. Therefore, the jury found: Appellant was over 21 years of age; Appellant believed "Jackie" was under fifteen years of age; Appellant enticed "Jackie" by sending a series of electronic messages with explicit sexual content; and it was Appellant's purpose to have sexual conduct with a person less than fifteen years of age. Appellant does not argue the sufficiency of the evidence for any of these findings. Appellant only

---

[3] In *Faruqi*, the Supreme Court of Missouri found there was sufficient evidence for a charge of attempted enticement of a child, specifically stating: "[The defendant] admits that he thought the person he was speaking to was a 14–year–old child named Kaitlin, and substantial evidence was presented that he asked 'Kaitlin' to meet with him to engage in sexual activity. This is sufficient to constitute an attempt under section 564.011…" *Faruqi*, 344 S.W.3d at 202. The Supreme Court of Missouri did not refer to the requirements that the defendant be over twenty-one years of age and the specific language from the enticement statute in this exact quotation. The opinion does include these requirements in the explanation of enticement and in the explanation of the finding of sufficient evidence. *Id*. at 200 & 203. Therefore, we include them in our required elements.

argues "Jackie" was not under fifteen years of age. Therefore, the jury was asked to find and found all of the essential elements of attempted enticement of a child.

To convict a defendant for attempted sexual misconduct involving a child under this version of the statute when a law enforcement officer was masquerading as the person under fifteen years of age, the State needed to show: (1) a defendant knowingly exposed his genitals; (2) to a person the defendant *believed* was under fifteen years of age; and (3) this was done for the defendant's or the recipient's sexual gratification. *State v. Howell*, 454 S.W.3d 386, 389-90 (Mo. App. E.D. 2015) (emphasis added).

To return a guilty verdict for sexual misconduct involving a child by indecent exposure, Jury Instruction No. 13 required the jury to find and believe from the evidence:

"First, that on or between July 19, 2016 and July 20, 2016, in the County of St. Charles, State of Missouri, the defendant knowingly exposed his genital to Jackie, a peace officer masquerading as a child less than fifteen years of age, and
Second, that defendant did so for the purpose of arousing his sexual desire, and
Third, that at the time, minor female Jackie was less than fifteen years of age, and
Fourth, that defendant knew minor female Jackie was less than fifteen years of age, and
Fifth, that the defendant was not entrapped as submitted in Instruction No. _15_,
then you will find the defendant guilty under Count 4 of sexual misconduct involving a child by indecent exposure unless you find and believe from the evidence that it is more probably true than not true that the defendant reasonably believed that Jackie, a peace officer masquerading as a child less than fifteen years of age was seventeen years of age or older."

Therefore, the jury found: Appellant knowingly exposed his genitals to "Jackie" and it was the Appellant's purpose to arouse his sexual desire. The jury had already found, above, in following Jury Instruction No. 7 that Appellant believed "Jackie" was under fifteen years of age. Appellant does not argue the sufficiency of the evidence for any of these findings. Again, Appellant only argues the officer masquerading as "Jackie" was not under fifteen years of age. Therefore, the jury was asked to find and found the essential elements of attempted sexual misconduct involving a child.

8

Generally, when an appellate court reverses a conviction and enters a new conviction, the case will be remanded for resentencing. *Woolford v. State*, 58 S.W.3d 87, 90 (Mo. App. E.D. 2001). If a statute sets the same range of sentencing for a crime and an attempt of that crime, it is not necessary to remand for resentencing. *Davies*, 330 S.W.3d at 798. "Enticement of a child or an attempt to commit enticement of a child [was] a felony for which the authorized term of imprisonment [should have been] not less than five years and not more than thirty years." § 566.151.3.

Sexual misconduct involving a child was a Class D felony under the statutory language applicable to this case. § 566.083.4. Attempted sexual misconduct involving a child is a Class A misdemeanor. § 566.083.4; § 564.011. Because of this difference in the ranges of punishment, we must remand for resentencing on the attempted sexual misconduct involving a child conviction.

Because there was not sufficient evidence to show Appellant communicated with a person under fifteen years of age, we overturn Appellant's convictions of one count of enticement of a child and one count of sexual misconduct involving a child. There was sufficient evidence to show and the jury found that Appellant believed he was communicating with a person under fifteen years of age. Therefore, we enter convictions of one count of attempted enticement of a child and one count of attempted sexual misconduct involving a child. Although it is not necessary for the attempted enticement of a child conviction, we remand for resentencing on both convictions.[4]

---

[4] Although "no jurisprudential purpose would be served by remand[]" for the attempted enticement of a child charge, we leave the final decision with the trial court. *Davies*, 330 S.W.3d at 798 and the footnote in *State v. Almaguer*, 347 S.W.3d 636, 639 n.1 (Mo. App. E.D. 2011). However, because the attempted sexual misconduct involving a child conviction must be remanded, judicial efficiency is not a concern in remanding the attempted enticement of a child conviction in this case. Both convictions are remanded to the trial court for resentencing.

**Substantial Step toward Commission of Sexual Crimes**

Appellant claims the State did not present sufficient evidence to show he completed a substantial step towards statutory rape or statutory sodomy. Appellant claims the evidence at trial primarily consisted of sexually explicit conversations which did not rise to the level of a substantial step. The State argues these conversations combined with arranging a place to meet for a sexual encounter and then arriving at this place at an agreed-upon time amounts to a substantial step for sex crimes involving minors. In his reply brief, Appellant simply reasserts his conduct was not a substantial step without addressing the State's argument.

"A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense." § 564.011.1. "A 'substantial step' is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." § 564.011.1. "What act or conduct will constitute a substantial step will depend on the facts of the particular case." *Molasky*, 765 S.W.2d at 601.

The Western District decided two cases which we find helpful to the analysis of this case. In *Young*, the defendant was being charged with attempted statutory rape in the second degree. See *State v. Young*, 139 S.W.3d 194 (Mo. App. W.D. 2004). There was an arranged meeting place for sexual activity, and the defendant arrived at this place at an agreed-upon time. *Id*. at 198. The court found these actions "unequivocally confirm[ed] a criminal design". *Id*. In *Davies*, the Western District came to the same conclusion regarding an attempted statutory sodomy in the first degree charge. *Davies*, 330 S.W.3d at 792. Following a conversation about sexually explicit intentions with a minor child, arranging a meeting place and arriving at an agreed-upon time is a substantial step. *Id*. We agree with the Western District that communicating about sexual

10

encounters and then traveling to an arranged meeting place at an agreed-upon time constitutes a substantial step for sexual crimes involving minors.

Appellant concedes he engaged in sexually explicit conversations revealing an interest in engaging in sexual activity with "Jackie". Appellant and "Jackie" agreed to meet at a gas station between 12:00-1:00pm.  When Appellant drove to the gas station around the agreed-upon time, this constituted a substantial step for both the statutory rape and statutory sodomy charges.

The substantial step claim of Point I is denied.

### Entrapment

Appellant's final claim in Point I is that the State did not meet their burden of showing Appellant was not entrapped.  Under § 562.066, "an offense is not criminal if the actor engaged in the prescribed conduct because he was entrapped by a law enforcement officer or person acting in cooperation with such officer". § 566.062.1.  Appellant injected the issue of entrapment in this case by moving to dismiss.  The trial court denied the motion to dismiss but included entrapment in the jury instructions.

Jury Instruction No. 15 states:

"A person is 'entrapped' into conduct if a law enforcement officer or person acting in cooperation with a law enforcement officer, for the purpose of obtaining evidence of the commission of an offense, solicits, encourages, or otherwise induces another person to engage in conduct when he is not ready and willing to engage in such conduct. …If you find that the defendant was entrapped into such conduct or if you have a reasonable doubt that he was entrapped into such conduct, you must find defendant not guilty."

Jury Instructions 7, 9, 11, and 13 are the charging instructions for the four crimes in this case. Each charging instruction contains the following as a required element to find Appellant guilty: "[T]hat defendant was not entrapped as submitted in Instruction No.   15  ."  The jury convicted on all four counts.

11

Missouri courts have adopted a subjective two-part test for determining entrapment. *State v. Moore*, 904 S.W.2d 365, 368 (Mo. App. E.D. 1995). A defendant must present evidence of both inducement to commit an unlawful act and the absence of a willingness to engage in such conduct. *Id*. If the defendant injects the issue of entrapment into the case but the State's case contains no evidence of entrapment, entrapment is not established as a matter of law. *State v. Willis*, 662 S.W.2d 252, 257 (Mo. banc 1983). The fact finder may reject a defendant's allegations of entrapment. *Id*.

Appellant did not refer to any evidence in the State's case which showed inducement to commit the unlawful acts. Appellant has also failed to show he lacked the willingness to engage in the conduct. The jury instructions correctly outlined the test for entrapment. The jury was free to reject Appellant's entrapment allegation, as it did.

The entrapment claim of Point I is denied.

We accept Appellant's request for reversal of the enticement of a child and sexual misconduct involving a child conviction. We accept Appellant's argument in the alternative to remand to the trial court for resentencing. In all other respects, Point I is denied.

We reverse the convictions for enticement of a child and sexual misconduct involving a child. We enter convictions for attempted enticement of a child and attempted sexual misconduct involving a child, and we remand for resentencing on these convictions.

Point II

Appellant claims § 566.151 subsections 1 and 2 are unconstitutionally vague and inconsistent when read together. Based on the conviction for enticement of a child based on interaction with an officer masquerading as a person under fifteen years of age, Appellant believes these two subsections are internally inconsistent and void due to vagueness.

12

*Standard of Review*

Appellant has not preserved this constitutional claim for our review. "To preserve a constitutional claim of error, the claim must be raised at the first opportunity with citation to specific constitutional sections." *State v. Driskill*, 459 S.W.3d 412, 426 (Mo. banc 2015). Appellant brought this claim for the first time in the motion for new trial. The motion for new trial was not the first opportunity to raise this issue. *Mayes v. Saint Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 268 (Mo. 2014) citing *State v. Flynn*, 519 S.W.2d 10, 12 (Mo. 1975). Therefore, this court is limited to a discretionary review for plain error. *State v. Oates*, 540 S.W.3d 858, 863 (Mo. banc 2018). To show plain error, a defendant has the burden of demonstrating a manifest injustice or miscarriage of justice resulted from the alleged error. *State v. Alexander*, 505 S.W.3d 384, 398–97 (Mo. App. E.D. 2016). The interpretation of a statute is a question of law and is reviewed *de novo*. *Dodson v. Ferrara*, 491 S.W.3d 542, 551 (Mo. banc 2016).

*Jurisdiction*

Before addressing the merits of this point on appeal, we must first determine whether we have jurisdiction. The Missouri Constitution vests the Missouri Supreme Court with exclusive appellate jurisdiction in all cases involving the validity of a statute. *State v. Henry*, 568 S.W.3d 464, 479 (Mo. App. E.D. 2019). If a constitutional claim has not been properly preserved for appellate review, jurisdiction lies in the appellate court rather than the Supreme Court of Missouri. *Sharp v. Curators of Univ. of Missouri*, 138 S.W.3d 735, 738 (Mo. App. E.D. 2003). Appellant did not properly preserve this constitutional claim for appeal. Therefore, we have jurisdiction to address the merits of this constitutional claim under plain error review. *Id*.; *Oates*, 540 S.W.3d at 863.

13

*Analysis*

"The Due Process Clause requires that state criminal statutes demonstrate a basic level of clarity and definiteness." *Faruqi*, 344 S.W.3d at 199. "As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

Subsection 1 of § 566.151 requires the State to show the defendant is interacting with a "person who is less than fifteen years of age". Subsection 2 of § 566.151 states: "It is not an affirmative defense to a prosecution for a violation of this section that the other person was a peace officer masquerading as a minor." Appellant was charged with enticement of a child although no person under fifteen years of age was persuaded, solicited, coaxed, enticed, or lured as required by statute. § 566.151.1.

In *State v. Faruqi*, 344 S.W.3d 193 (Mo. banc 2011), the Supreme Court of Missouri addressed the constitutionality of § 566.151. However, the defendant in *Faruqi* was convicted at trial of attempted enticement of a child. *Id*. at 197. The Court clarified in *Faruqi* that "vagueness cannot be said to permeate [§ 566.151]." *Id*. at 200. When applying a constitutional claim to a case, "the language is to be treated by applying it to the facts at hand." *Id*. A person cannot make a constitutional claim based on hypothetical applications or situations not at issue. *Id*. (internal citations omitted).

Given our decision to overturn the enticement of a child conviction, this case is now analogous to the *Faruqi* case. Appellant's claim in Point II is based on a conviction for enticement of a child; that conviction has been reversed. Appellant stands convicted of attempted enticement of a child because he believed he was communicating with a person under fifteen years of age. A

constitutional claim must be applied to the facts at hand. *Id.* "The statute puts a person of ordinary intelligence on notice that, if he or she is at least 21 years old, attempting to entice a person younger than the age of 15 years for the purpose of engaging in sexual conduct---regardless of whether the victim is, in fact, younger than 15 years [old]---is a crime." *Id.* at 203. As applied to the Appellant's newly entered conviction for attempted enticement of a child, the claim this statute is inconsistent and void due to vagueness no longer apply to the facts of this case.

Point II is denied as moot.

### Point III

Appellant asserts a double jeopardy claim arguing he was convicted of four separate offenses for the same conduct. He claims the offenses of sexual misconduct involving a child, attempted statutory rape, and attempted statutory sodomy are all specific instances of enticement of a child. Appellant references the indictment for the enticement of a child charge as evidence of this double jeopardy claim under § 556.041(3). The State counters that Appellant has not completed the proper analysis to prove a double jeopardy claim. The State claims an appellant must compare the proof required by statute for each offense. The State claims Appellant would not have succeeded on this claim even if he had completed this analysis. According to the State, each statute under which Appellant was charged required proof of a fact which the others do not.

*Standard of Review*

Appellant has failed to preserve this constitutional claim by failing to raise the issue at the first opportunity. *State v. Driskill*, 459 S.W.3d 412, 426 (Mo. banc 2015). The motion for new trial was not the first opportunity. *Mayes v. Saint Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 268 (Mo. 2014) citing *State v. Flynn*, 519 S.W.2d 10, 12 (Mo. 1975). We review for plain error which requires a showing a manifest injustice. *State v. Alexander*, 505 S.W.3d 384, 396 (Mo. App.

15

E.D. 2016). Plain errors are those which are evident, obvious, and clear. We determine whether such errors exist based on the circumstances of each case. *Id*.

*Analysis*

The double jeopardy clause of the Fifth Amendment[5] of the U.S. Constitution "protects defendants against multiple punishments for the same offense." *State v. Alexander*, 505 S.W.3d 384, 397 (Mo. App. E.D. 2016) quoting *State v. Hardin*, 429 S.W.3d 417, 421 (Mo. banc 2014) (internal citation omitted). In Missouri, double jeopardy does not automatically preclude prosecution for multiple offenses arising out of the same conduct. *State v. Walker*, 352 S.W.3d 385, 387 (Mo. App. E.D. 2011). Missouri follows the "separate offense" rule, a defendant may be charged with and convicted of multiple offenses arising from the same conduct if the legislature intended to punish the conduct under more than one statute. *State v. Walker*, 352 S.W.3d 385, 387 (Mo. App. E.D. 2011). The double jeopardy clause does not prohibit multiple convictions and punishments for the same act "if the defendant has in law and in fact committed separate crimes." *Id*. at 387–88 quoting *State v. French*, 79 S.W.3d 896, 898–99 (Mo. banc 2002).

The question before us is whether cumulative punishments were intended by the legislature. *Alexander*, 505 S.W.3d at 397. The statutes at issue are silent on cumulative punishment so we must look to § 556.041 which states four exceptions to cumulative punishments. *Walker*, 352 S.W.3d at 388–89. One such exception provides cumulative punishments are not allowed if one offense prohibits a conduct generally and the other is to prohibit a specific instance of such conduct. § 556.041(3). Where the elements of two offenses are separate and distinct, one offense is not a specific instance of the other and section 556.041(3) does not preclude convictions for both offenses. *Porter*, 464 S.W.3d at 256. Two offenses are separate and distinct if one offense

---

[5] The Fifth Amendment of the U.S. Constitution is made applicable to the states through the Fourteenth Amendment. See also *State v. Walker*, 352 S.W.3d 385, 387 n.1. (Mo. App. E.D. 2011).

requires proof of a fact that the other does not. *Bates v. State*, 421 S.W.3d 547, 551 (Mo. App. E.D. 2014); *State v. Burns*, 877 S.W.2d 111, 112 (Mo. banc 1994) (section 556.041 codified the "same-element" test adopted by the U.S. Supreme Court in *Blockburger v. U.S.*, 284 U.S. 299 (1932)).

Appellant does not undertake this analysis. Appellant merely suggests the indictment for the enticement of a child charge also included facts sufficient to meet the elements of sexual misconduct involving a child, attempted statutory sodomy, and attempted statutory rape. Because Appellant has failed to begin the analysis necessary for the "same-element" test, we will not undertake the analysis of these statutes *sua sponte*.

Point III is denied.

### Conclusion

We reverse Appellant's convictions for one count of enticement of a child and one count of sexual misconduct of a child. We enter convictions for one count of attempted enticement of a child and one count of attempted sexual misconduct involving a child. We remand for resentencing on both convictions. In all other respects, the judgment is affirmed.

_____
Philip M. Hess, Presiding Judge

Robert G. Dowd, Jr., J. and
Mary K. Hoff, J. concur.

17